UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

FILED
OCT - 5 2009
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

**JAMES RYALS, JR.**

**Plaintiff,**

**v.**

**CIVIL ACTION NO:** 3:09CV625

**HIRERIGHT SOLUTIONS, INC.**

**Defendant.**

---

## COMPLAINT

---

COMES NOW, the Plaintiff, James Ryals, Jr., by counsel, and for his complaint against the Defendant, alleges as follows:

## INTRODUCTION

1. This action is brought under the Federal Fair Credit Reporting Act (FCRA), 15 U.S.C. §1681, *et seq*. Defendant is a consumer reporting agency which prepared and published a consumer report from public records for employment purposes regarding Plaintiff. Defendant provided this report to his employer, Greyhound, and Greyhound discharged Plaintiff based in whole or in part on the report. HireRight Solutions, Inc. failed to comply with certain procedural protections and requirements imposed under the FCRA, and failed to provide Plaintiff with a notice required by the FCRA.

## JURISDICTION AND VENUE

2. The Court has jurisdiction under the FCRA, 15 U.S.C. §1681n and 1681p.

3. Venue is proper in this Court under 28 U.S.C. § 1391(b) as Plaintiff resides in

Richmond, Plaintiff forfeited a job he was performing at Greyhound in Richmond, and Defendant regularly does business in Richmond.

4. Defendant HireRight Solutions, Inc. also maintains the office of its registered agent for service of process in Richmond.

5. Defendant HireRight Solutions, Inc. has contracted to supply services or things in the Commonwealth of Virginia.

6. Defendant regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in the Commonwealth of Virginia.

7. James Ryals, Jr. (hereinafter "Ryals" or "Plaintiff") is a "consumer" as defined by 15 U.S.C. §1681a(c) and 15 U.S.C. §1682(a)(3).

8. HireRight Solutions, Inc. (hereinafter "HireRight") is an Oklahoma corporation.

9. HireRight was and is a "consumer reporting agency" as defined in 15 U.S.C. §1681(f).

10. HireRight was and is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. §1681(d), to third parties.

11. HireRight was and is disbursing such consumer reports to third parties under contract for monetary compensation.

12. In the spring of 2009 Ryals was working at Greyhound when Greyhound obtained a consumer report on him from HireRight.

13. HireRight furnished Plaintiff's consumer report to his employer in connection

with his employment there.

14. As a result of the consumer report, Greyhound discharged Ryals.

15. Despite providing a report for employment purposes to Greyhound containing public record information likely to have an adverse affect upon Plaintiff's ability to obtain or maintain employment there in the spring of 2009, HireRight failed to provide notice at the time to Plaintiff of the fact that the public record information was being reported by it, together with the name and address of the person to whom such information was being reported.

16. In addition, Defendant failed to maintain strict procedures designed to ensure that public information likely to have an adverse affect on a consumer's ability to obtain employment is complete and up to date when reported to a (prospective) employer. It is unable to do so as it does not obtain information directly from public record sources in the first place.

17. On information and belief, Plaintiff alleges that Defendant never attempts to follow the option available at 15 U.S.C. §1681k(a)(2), which requires a reporting agency to actually contact the original source of public records information (e.g. the Court clerk) immediately before furnishing a report which includes such information. This section is inapplicable to reports and agencies like those in this case.

18. Defendant violated 15 U.S.C. §1681k(a)(1).

19. The conduct, action, and inaction of Defendant was willful, rendering it liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

20. Plaintiff is entitled to recover costs and attorney's fees from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. §§1681n.

21. Every paragraph in this Complaint is hereby incorporated into every other paragraph.

WHEREFORE, Plaintiff moves for judgment against the Defendant for actual, statutory and punitive damages, attorney's fees and costs, and such other specific or general relief the Court does find just and appropriate.

**TRIAL BY JURY IS DEMANDED.**

**JAMES RYALS, JR.,**

Date: 10/2/09

By: Christopher Colt North
Of Counsel

Christopher Colt North
VSB #16955
Attorney for Plaintiff
The Consumer & Employee Rights Law Firm, P.C.
751-A Thimble Shoals Boulevard
Newport News, Virginia 23606
Phone: (757) 873-1010
Fax: (757) 873-8375
Email: **cnorthlaw@aol.com**