UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

JAMES RYALS, JR., CRAIG J. COOPER,
FRANKLIN HILL, DANIEL JACKSON, RUBEN A. FUENTES
BYRON A. MERIWEATHER, SHARON SPENCE,
CHARLES E. TAYLOR, GREGORY S. TRIEBE,
CYNTHIA TYLER, RAY L. CAMPBELL,
LESLIE CHILDS, CARTER CORBETT,
EDWIN CHILDS, and JAMES E. SHIVERS,
For themselves and on behalf of all
similarly situated individuals

      Plaintiffs

v.                                   CIVIL NO. 3:09cv625

HIRERIGHT SOLUTIONS, INC., ALTEGREITY, INC.,
EXPLORE INFORMATION SERVICES, LLC. and USIS

      Defendants

## **FIRST AMENDED CLASS COMPLAINT**

COME NOW, the Plaintiffs, James Ryals, Jr., Craig J. Cooper, Franklin Hill, Daniel

Jackson, Ruben A. Fuentes , Byron A. Meriweather, Sharon Spence, Charles E. Taylor, Gregory

S. Triebe, Cynthia Tyler, Ray L. Campbell, Leslie Childs and James E. Shivers, by counsel,

individually and on behalf of all others similarly situated and for their class complaint against the

Defendants, Hireright Solutions, Inc., Altegrity Inc., Explore Information Services, LLC and

USIS, Inc. allege as follows:

### *INTRODUCTION*

1.     This action is brought under the Federal Fair Credit Reporting Act (FCRA), 15

U.S.C. §1681, *et seq.*  Defendants operate a national database of public records and related

employment histories as a nationwide consumer reporting agency.  They do so by dividing their market segments into subsidiary entities, all of which follow similar procedures and use the same FCRA database to prepare and furnish consumer reports for employment and other purposes. Defendants provided these consumer reports to prospective and existing employers of the Plaintiffs. The employers refused to hire or discharged Plaintiffs based in whole or in part on the consumer reports.

2.      Plaintiffs allege this matter as a class action, with Defendants' procedures uniform amongst the claims of each Plaintiff:

a.      Plaintiffs bring a class claim under 15 U.S.C. §1681k because Defendants do not provide Plaintiffs and other similarly situated consumers notice that is they furnishing an employment purposed consumer report at the time they are doing so.  *See Williams et al v. LexisNexis Risk Management Inc. et al*, 3:06-cv-00241-REP.

b.      Plaintiffs bring a class claim under 15 U.S.C. §1681g because notwithstanding the request by many Plaintiffs for the information contained in their consumer files, Defendants failed to provide them with all information in their file at the time of their request.

c.      Plaintiffs bring their class claim under 15 U.S.C. §1681i because Defendants effectively refused to timely conduct investigations for Plaintiffs who did not meet technical requirements imposed by Defendants, but not contained with the FCRA. *See Williams et al v. LexisNexis Risk Management Inc. et al*, 3:06-cv-00241-REP.

3.      Plaintiffs, Cooper, Jackson, Spence, Fuentes, E. Childs, and Shivers have also brought their individual claims pursuant to 15 U.S.C. §1681e(b) because the consumer reports Defendants provided each were inaccurate – as to Jackson, Defendants published criminal records of a stranger in his background check, and as to Spence, they inaccurately reported a charge as pending which had been dismissed.  As to Cooper, Fuentes, E. Childs and Shivers, Defendants published the same offenses multiple times.  Defendants failed to follow reasonable procedures in furnishing these reports.

### JURISDICTION AND VENUE

4.      The Court has federal question jurisdiction under the FCRA, 15 U.S.C. §1681p.

5.      Venue is proper in this Court under 28 U.S.C. § 1391(b) because all material events occurred in this District and Division, all Plaintiffs reside here; Defendants are primarily headquartered and regularly do business in this district, and have their registered offices and agents in this division; and each of the employers to which the Plaintiffs applied and to whom Defendants furnished consumer reports was operating in the Richmond Division.

### PARTIES

6.      At all relevant times, each named Plaintiff  was a "consumer" as protected and governed by the FCRA.

7.      Altegrity Inc. ("Altegrity") was created in July 2009 as the primary parent and owner of the relevant public records database operated and used by its co-defendant subsidiaries. It is a holding company that shares common management, finances, and control with its wholly-owned United States subsidiaries and divisions, including USIS, HireRight, and Explore.

3

8.      Altegrity is a "consumer reporting agency", as defined in 15 U.S.C. § 1681(f). It is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports to third parties.

9.      Originally and prior to the creation of Altegrity, Defendants operated as separate businesses and entities.  The corporate name and brand of USIS, Inc. ("USIS") was "USIS Investigations Services" from 1996 to 2005 and "USIS" from 2005 to 2009.    In 2005, USIS acquired and merged its database with Explore Information Services, L.L.C. ("Explore").  In 2008, USIS acquired and merged its database with HireRight Solutions, Inc. ("HireRight"), and in late 2009, Defendants consolidated the USIS non-governmental employment business market into HireRight, changing the name of controlled subsidiary USIS Commercial Services, Inc. to HireRight and retaining a component of its consumer reporting business as USIS, Inc.  As of late 2009, the "parent" operating each entity as a single nationwide consumer reporting agency is Altegrity.

10.     Altegrity has controlled the acts and practices of itself and each co-defendant. Altegrity, HireRight, USIS and Explore all operate as a nationwide consumer reporting agency as governed by the FCRA. (hereafter collectively "Defendants").

11.     Defendants were and continue to disburse consumer reports to third parties under contract for monetary compensation during the class period and currently.

## FACTS

### Consumer Reports Were Furnished

12.     Defendants furnished a consumer report regarding each named Plaintiff, which contained public record information likely to have an adverse effect upon their ability to obtain

employment, to a third party for the purpose of determining eligibility for employment:

a.      James Ryals, Jr. (hereinafter "Ryals") in Spring 2009;

b.      Craig J. Cooper (hereinafter "Cooper") in February 2008 and multiple times thereafter;

c.      Franklin Hill (hereinafter "Hill") in February 2008 and multiple times thereafter;

d.      Daniel Jackson (hereinafter "Jackson") in Spring 2009 and thereafter;

e.      Ruben A. Fuentes (hereinafter "Fuentes") in February 2008 and multiple times thereafter;

f.      Sharon Spence (hereinafter "Spence") in Spring 2009;

g.      Charles E. Taylor (hereinafter "Taylor") in early 2009;

h.      Gregory S. Triebe (hereinafter "Triebe") in February 2008 and thereafter;

i.      Cynthia Tyler (hereinafter "Tyler") in Spring 2009;

j.      John K. Epps (hereinafter "Epps") in May 2009;

k.      Calvin Turner (hereinafter "Turner") in February 2008 and multiple times thereafter;

l.      Ray L. Campbell  (hereinafter "Campbell") in February 2008 and multiple times thereafter;

m.      Leslie Childs (hereinafter "L. Childs") in February 2008 and multiple times thereafter;

n.      Carter Corbett (hereinafter "Corbett") in February 2008 and multiple times thereafter; and

5

      o.      Edwin Childs (hereinafter "E. Childs") in February 2008 and multiple times thereafter;

      p.      James E. Shivers (hereinafter "Shivers") in February 2008 and multiple times thereafter.

      q.      Byron A. Meriweather (hereinafter "Meriweather") in Spring 2009.

13.     Despite providing a report for employment purposes to Plaintiffs' prospective employers containing public record information likely to have an adverse affect upon Plaintiffs' ability to obtain or maintain employment, Defendants failed to provide notice at the time to Plaintiffs of the fact that the public record information was being reported by it, together with the name and address of the person to whom such information was being reported.  While it occasionally did mail this required §1681k(a)(1) letter to some consumers, it never did so "at the time" it furnished the related consumer report.

14.     On information and belief, Plaintiffs allege that Defendants did not attempt for any consumer and do not in current procedures attempt to follow the option available at 15 U.S.C. §1681k(a)(2), which requires a consumer reporting agency to actually contact the original source of public records information (e.g. the Court clerk) immediately before furnishing a report which includes such information.  Title 15 U.S.C. §1681k(a)(2) is thus inapplicable to the consumer reports at issue in this case.

15.     All named Plaintiffs suffered an adverse employment decision as a result of the consumer report provided by Defendants – either termination, a delay in receiving approval for a position or rejection of the related employment application.

16.     The consumer reports Defendants furnished regarding a number of the named

Plaintiffs were also materially inaccurate.

17.     The consumer reports Defendants furnished regarding Cooper, Shivers and E.

Childs and Defendants' procedures for furnishing these reports reported single and individual

derogatory court records as multiple entries in the Cooper reports.

18.     The consumer reports Defendants furnished regarding Jackson and Fuentes and

Defendants' procedures for furnishing these reports reported single and individual derogatory

court records as multiple entries in these reports. The reports also listed criminal convictions for

different individuals, including felony convictions.  Defendants' procedures unreasonably

matched these individuals with different, similarly named persons.

19.      The consumer reports Defendants furnished regarding Spence and Defendants'

procedures for furnishing these reports reported that Spence had an "open" or "pending" criminal

assault charge, despite the fact that the Court had actually dismissed the charge.

20.     After belatedly discovering that Defendants had furnished inaccurate information

about them in their consumer reports, Plaintiffs Cooper, Hill, Jackson, Fuentes, Shivers and

Spence each attempted to dispute with Defendants these inaccuracies or other information in

their consumer files.

21.     Defendants' standard procedures for responding to consumer disputes, including

as applied to the named Plaintiffs, imposed significant additional hurdles beyond those permitted

at 15 U.S.C. 1681i(a) that delayed the start and completion of the reinvestigation and as often

deterred or frustrated pursuit of the consumer's disputes.  Specifically, Defendants refused to

begin to process disputes until and unless (a.) the consumer had requested and obtained a copy of

their subject consumer report.

22.     In addition, although required by the FCRA to maintain an accessible toll-free telephone number established by the agency, at which personnel are accessible to consumers during normal business hours, Defendants did not maintain procedures and a system to permit consumer disputes in this statutorily proscribed format and instead demanded that consumer disputes be in writing, accompanied by copies of personal identification such as a driver's license and made on Defendants' proprietary dispute forms.

23.     Each named Plaintiff and putative class member was entitled to and at least two did request a complete copy of their consumer files.

24.     Despite receiving these requests, Defendants did withhold significant material information included in each consumers' file, including by example only and without limitation the list of inquiries by and entities to whom Defendants had furnished a consumer report, the full case histories for each public record and the actual and complete source of each public record.

25.     Defendants' procedures and conduct were willful.  They were carried out in the manner that Defendants intended and not by mere accident or mistake.

26.     The statutory language and mandates restricting and governing Defendants' business have been in effect for decades.  Defendants are engaged in a specialized business and regularly provides consumer reports to employers for employment purposes. Defendant's conduct was at least reckless in failing to make an appropriate and effective effort to ascertain the FCRA provisions governing Defendant's conduct.

27.     Remarkably, Defendants also continued the challenged procedures after a Court in their home District found (or even more compliant) procedures very similar to Defendants' for the timing of a consumer reporting agency's §1681k "at the time" letters and for imposition of

8

non-statute based hurdles for consumer disputes to contravene the FCRA. *See Williams et al v.*

*LexisNexis Risk Management Inc. et al*, 3:06-cv-00241-REP. Defendants were aware of this case

as USIS was the subject of a subpoena in that case and had entered an appearance to oppose

same, and on information and belief, through its attorneys had discussed the case with counsel

for at least one other reporting agency.

**COUNT ONE:  FAIR CREDIT REPORTING ACT**

**CLASS ACTION CLAIM:  All Named Plaintiffs**

**15 U.S.C. §1681k(a)(1)**

28.     Plaintiffs reiterate each of the allegations in the preceding paragraphs as if set

forth at length herein.

29.     Pursuant to Rule 23 of the Federal Rules of Civil Procedures, Plaintiffs bring this

action for themselves and on behalf of a class (the "Count One class") of similarly situated

individuals initially defined as follows:

> All natural persons residing in the United States who were the subject of a
> consumer report furnished to a third party by Altegrity Inc., Hireright Solutions,
> Inc., Explore Information Services, LLC and/or USIS, Inc., or otherwise from the
> Altegrity databases, for employment purposes containing any negative
> (derogatory) public record criminal arrest, charge or conviction, civil judgments,
> bankruptcies or tax liens, during the five years next preceding the filing of this
> Complaint and the pendency of this suit.
>
> Excluded from the Class are employees of Defendants, all counsel in this case and
> any judge assigned to hear this action.

30.     Pursuant to Rule 23 of the Federal Rules of Civil Procedures, Plaintiffs also bring

this action for themselves and on behalf of a putative sub-class (the "Count One Fourth Circuit

class") of similarly situated individuals initially defined as follows:

All natural persons residing in the States of Virginia, Maryland, West Virginia, North Carolina or South Carolina who were the subject of a consumer report furnished to a third party by Altegrity Inc., Hireright Solutions, Inc., Explore Information Services, LLC and/or USIS, Inc., or otherwise from the Altegrity databases, for employment purposes containing any negative (derogatory) public record criminal arrest, charge or conviction, civil judgments, bankruptcies or tax liens, during the five years next preceding the filing of this Complaint and the pendency of this suit.

Excluded from the Class are employees of Defendants, all counsel in this case and any judge assigned to hear this action.

31.     **Numerosity.  FED. R. CIV. P. 23(a)(1).**  Upon information and belief, Defendants produce and furnish many thousands of consumer reports for employment purposes each year, including a large number in the Fourth Circuit. On informed information and belief, Plaintiffs allege that in Virginia alone there are at least 500 class members.  As a result, the Class members are so numerous that joinder of all is impractical.  The names and addresses of the Class members are identifiable through documents maintained by Defendants.  The Class members may be notified of the pendency of this action by published, emailed or mailed notice.

32.     **Existence and Predominance of Common Questions of Law and Fact.  FED. R. CIV. P. 23(a)(2).**  Common questions of law and fact exist as to all members of the Class. Without limitation, the total focus of the litigation will be Defendants' uniform conduct and procedures, whether Defendants sent the required notices, when they did so and whether Defendants acted willfully in their failure to design and implement procedures to assure compliant delivery and/or timing of these notices.   Even the appropriate amount of uniform statutory and/or punitive damages under 15 U.S.C. §1681n is a common question.

33.     **Typicality.  FED. R. CIV. P. 23(a)(3).**  Plaintiffs' claims are typical of the

claims of each Class member.  Plaintiff is entitled to relief under the same cause of action as the other members of the Class.

34.     **Adequacy.  FED. R. CIV. P. 23(a)(4).**  Plaintiffs are adequate representatives of the Class because their interests coincide with, and are not antagonistic to, the interests of the members of the Classes they seeks to represent; they have retained counsel competent and experienced in such litigation; and each named Plaintiff intends to prosecute this action vigorously.  The interests of members of the Class will be fairly and adequately protected by Plaintiffs and their counsel.

35.     **Superiority.  FED. R. CIV. P. 23(b)(3).**  Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy.  Without limitation, the statutory and punitive damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendants' conduct.  It would be virtually impossible for the members of the Class individually to redress effectively the wrongs done to them.  Even if the members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the Courts.  Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendants' conduct.  By contrast, the Class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in a case.

11

36.     **Injunctive Relief Appropriate for the Class. FED. R. CIV. P. 23(b)(2).** Class

certification is appropriate because Defendants has acted on grounds generally applicable to the

Class, making appropriate equitable injunctive relief with respect to Plaintiff and the Class

members.  In addition, upon information and belief, Defendants continues to violate the FCRA

provisions that are the subject of this suit.

37.     Defendants' failure to provide the required FCRA notices to the Plaintiff and

other members of the putative class violated 15 U.S.C. §1681k(a)(1).

38.     The conduct, action, and inaction of Defendants were willful, rendering them

liable for statutory and punitive damages in an amount to be determined by the Court pursuant to

15 U.S.C. §1681n.

39.     Plaintiffs and other members of the putative class are entitled to recover costs and

attorney's fees as well as appropriate equitable relief from Defendants in an amount to be

determined by the Court pursuant to 15 U.S.C. §1681n.

**COUNT TWO:  FAIR CREDIT REPORTING ACT**

**CLASS ACTION CLAIM:  Hill and Jackson**

**15 U.S.C. §1681g**

40.     Plaintiffs reiterate each of the allegations in the preceding paragraphs as if set

forth at length herein.

41.     Pursuant to Rule 23 of the Federal Rules of Civil Procedures, Plaintiffs bring this

action for themselves and on behalf of a class (the "Count Two class") of similarly situated

individuals initially defined as follows:

All natural persons residing in the United States (a.) who were the subject of a consumer report furnished to a third party by Altegrity Inc., Hireright Solutions, Inc., Explore Information Services, LLC and/or USIS, Inc., or otherwise from the Altegrity databases during the five years next preceding the filing of this Complaint and the pendency of this suit; and (b.) who requested from defendants during the five years next preceding the filing of this Complaint and the pendency of this suit a copy of their consumer file maintained by Defendants; and (c.) who did not receive in response a report containing a list of persons who had received that consumer's report and the complete record for any item provided in that report and source of such item.

Excluded from the Class are employees of Defendants, all counsel in this case and any judge assigned to hear this action.

42.      Pursuant to Rule 23 of the Federal Rules of Civil Procedures, Plaintiffs also bring this action for themselves and on behalf of a putative sub-class (the "Count Two Fourth Circuit class") of similarly situated individuals initially defined as follows:

All natural persons residing in the States of Virginia, Maryland, West Virginia, North Carolina or South Carolina (a.) who were the subject of a consumer report furnished to a third party by Altegrity Inc., Hireright Solutions, Inc., Explore Information Services, LLC and/or USIS, Inc., or otherwise from the Altegrity databases during the five years next preceding the filing of this Complaint and the pendency of this suit; and (b.) who requested from defendants during the five years next preceding the filing of this Complaint and the pendency of this suit a copy of their consumer file maintained by Defendants; and (c.) who did not receive in response a report containing a list of persons who had received that consumer's report and the complete record for any item provided in that report and source of such item.

Excluded from the Class are employees of Defendants, all counsel in this case and any judge assigned to hear this action.

43.      **Numerosity.  FED. R. CIV. P. 23(a)(1).**  Upon information and belief, Defendants produce and furnish tens if not hundreds of thousands of consumer reports each year and a large number of persons about whom such reports regard request or are otherwise entitled to receive a complete copy of their consumer file, including a large number in the Fourth Circuit.

13

On informed information and belief, Plaintiffs allege that in Virginia alone there will be at least 200 such class members.  As a result, the Class members are so numerous that joinder of all is impractical.  The names and addresses of the Class members are identifiable through documents maintained by Defendants.  The Class members may be notified of the pendency of this action by published, emailed or mailed notice.

44.     **Existence and Predominance of Common Questions of Law and Fact.  FED. R. CIV. P. 23(a)(2).**  Common questions of law and fact exist as to all members of the Class. Without limitation, the total focus of the litigation will be Defendants' uniform conduct and procedures, whether Defendants uniformly omit an inquiry list and the complete history and source (e.g. actual and full court name) of information contained in Defendants' files, whether such procedures violated the FCRA and whether Defendants acted willfully in their failure to design and implement procedures to assure compliance.   Even the appropriate amount of uniform statutory and/or punitive damages under 15 U.S.C. §1681n is a common question.

45.     **Typicality.  FED. R. CIV. P. 23(a)(3).**  Plaintiffs' claims are typical of the claims of each Class member.  Plaintiff is entitled to relief under the same cause of action as the other members of the Class.

46.     **Adequacy.  FED. R. CIV. P. 23(a)(4).**  Plaintiffs are adequate representatives of the Class because their interests coincide with, and are not antagonistic to, the interests of the members of the Classes they seeks to represent; they have retained counsel competent and experienced in such litigation; and each named Plaintiff intends to prosecute this action vigorously.  The interests of members of the Class will be fairly and adequately protected by Plaintiffs and their counsel.

14

47.     **Superiority.  FED. R. CIV. P. 23(b)(3).**  Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy.  Without limitation, the statutory and punitive damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Defendants' conduct.  It would be virtually impossible for the members of the Class individually to redress effectively the wrongs done to them.  Even if the members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the Courts.  Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendants' conduct.  By contrast, the Class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in a case.

48.     **Injunctive Relief Appropriate for the Class. FED. R. CIV. P. 23(b)(2).**  Class certification is appropriate because Defendants has acted on grounds generally applicable to the Class, making appropriate equitable injunctive relief with respect to Plaintiff and the Class members.  In addition, upon information and belief, Defendants continues to violate the FCRA provisions that are the subject of this suit.

49.     Defendants violated the FCRA, 15 U.S.C. §1681g as to Plaintiffs and the putative class because notwithstanding the request by many consumers for the information contained in their consumer files, Defendants failed to provide them with all information in their file at the

time of their request, including but not limited to the sources of the information in their file and

the identification of each person that procured a consumer report with them during the last two

years for employment purposes or for any other purpose during the one year period preceding the

date the request was made.

50.    The conduct, action, and inaction of Defendants were willful, rendering them

liable for statutory and punitive damages in an amount to be determined by the Court pursuant to

15 U.S.C. §1681n.

51.    Plaintiffs and other members of the putative class are entitled to recover costs and

attorney's fees as well as appropriate equitable relief from Defendants in an amount to be

determined by the Court pursuant to 15 U.S.C. §1681n.

**COUNT THREE:  FAIR CREDIT REPORTING ACT**
**CLASS ACTION CLAIM:  Cooper, Hill, Jackson, Fuentes, Shivers and Spence**
**15 U.S.C. §1681i(a)**

52.    Plaintiffs reiterate each of the allegations in the preceding paragraphs as if set

forth at length herein.

53.    Pursuant to Rule 23 of the Federal Rules of Civil Procedures, Plaintiffs bring this

action for themselves and on behalf of a class (the "Count Three class") of similarly situated

individuals initially defined as follows:

> All natural persons residing in the United States who contacted Altegrity Inc.,
> Hireright Solutions, Inc., Explore Information Services, LLC and/or USIS, Inc. to
> request the correction or reinvestigation of information in their consumer file
> during the two years next preceding the filing of this Complaint and the pendency
> of this suit.

Excluded from the Class are employees of Defendants, all counsel in this case and any judge assigned to hear this action.

54.     Pursuant to Rule 23 of the Federal Rules of Civil Procedures, Plaintiffs also bring this action for themselves and on behalf of a putative sub-class (the "Count Three Fourth Circuit class") of similarly situated individuals initially defined as follows:

> All natural persons residing in the States of Virginia, Maryland, West Virginia, North Carolina or South Carolina who contacted Altegrity Inc., Hireright Solutions, Inc., Explore Information Services, LLC and/or USIS, Inc. to request the correction or reinvestigation of information in their consumer file during the two years next preceding the filing of this Complaint and the pendency of this suit.

> Excluded from the Class are employees of Defendants, all counsel in this case and any judge assigned to hear this action.

55.     **Numerosity.  FED. R. CIV. P. 23(a)(1).**  Upon information and belief, Defendants produce and furnish tens if not hundreds of thousands of consumer reports each year and a large number of persons about whom such reports regard dispute information in their consumer file, including a large number in the Fourth Circuit. On informed information and belief, Plaintiffs allege that in the Fourth Circuit alone there will be at least 200 such class members.  As a result, the Class members are so numerous that joinder of all is impractical.  The names and addresses of the Class members are identifiable through documents maintained by Defendants.  The Class members may be notified of the pendency of this action by published, emailed or mailed notice.

56.     **Existence and Predominance of Common Questions of Law and Fact.  FED. R. CIV. P. 23(a)(2).**  Common questions of law and fact exist as to all members of the Class. Without limitation, the total focus of the litigation will be Defendants' uniform conduct and

procedures, whether Defendants uniformly require consumer disputes be submitted on

Defendants' proprietary forms and/or require photocopies of personal identification before

Defendants commence the reinvestigation, whether such procedures violated the FCRA and

whether Defendants acted willfully in their failure to design and implement procedures to assure

compliance.   Even the appropriate amount of uniform statutory and/or punitive damages under

15 U.S.C. §1681n is a common question.

57.     **Typicality.  FED. R. CIV. P. 23(a)(3).**  Plaintiffs' claims are typical of the

claims of each Class member.  Plaintiff is entitled to relief under the same cause of action as the

other members of the Class.

58.     **Adequacy.  FED. R. CIV. P. 23(a)(4).**  Plaintiffs are adequate representatives of

the Class because their interests coincide with, and are not antagonistic to, the interests of the

members of the Classes they seeks to represent; they have retained counsel competent and

experienced in such litigation; and each named Plaintiff intends to prosecute this action

vigorously.  The interests of members of the Class will be fairly and adequately protected by

Plaintiffs and their counsel.

59.     **Superiority.  FED. R. CIV. P. 23(b)(3).**  Questions of law and fact common to

the Class members predominate over questions affecting only individual members, and a class

action is superior to other available methods for fair and efficient adjudication of the

controversy.  Without limitation, the statutory and punitive damages sought by each member are

such that individual prosecution would prove burdensome and expensive given the complex and

extensive litigation necessitated by Defendants' conduct.  It would be virtually impossible for the

members of the Class individually to redress effectively the wrongs done to them.  Even if the

members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the Courts.  Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Defendants' conduct.  By contrast, the Class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proof in a case.

60.    **Injunctive Relief Appropriate for the Class. FED. R. CIV. P. 23(b)(2).**  Class certification is appropriate because Defendants has acted on grounds generally applicable to the Class, making appropriate equitable injunctive relief with respect to Plaintiff and the Class members.  In addition, upon information and belief, Defendants continues to violate the FCRA provisions that are the subject of this suit.

61.    Defendants violated the FCRA, 15 U.S.C. §1681i(a) by refusing to immediately commence the reinvestigation of Plaintiff and class member disputes upon receipt instead of delaying the reinvestigation and imposing unlawful additional requirements.

62.    The conduct, action, and inaction of Defendants were willful, rendering them liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

63.    Plaintiffs and other members of the putative class are entitled to recover costs and attorney's fees as well as appropriate equitable relief from Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n.

## COUNT FOUR:  FAIR CREDIT REPORTING ACT
## INDIVIDUAL CLAIM: Cooper, Jackson, Fuentes, E. Childs, Shivers and Spence
## 15 U.S.C. §1681e(b)

64.     Plaintiffs reiterate each of the allegations in the preceding paragraphs as if set forth at length herein.

65.     Defendants violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the consumer report it furnished regarding the Plaintiffs.

66.     As a result of the conduct, actions and inactions of the Defendants the Plaintiffs suffered actual damages, including without limitation, by example only and as described herein on Plaintiffs' behalf by counsel:  loss of employment, damage to reputation, embarrassment, humiliation and other emotional and mental distress.

67.     Defendants' violation of 15 U.S.C. §1681e(b) was willful, rendering the Defendants liable pursuant to 15 U.S.C. §1681n.  In the alternative, the Defendants were negligent entitling the Plaintiffs to recover under 15 U.S.C. §1681o.

68.     The Plaintiffs are entitled to recover actual damages and/or statutory damages, punitive damages, costs and attorney's fees from the Defendants in an amount to be determined by the Court pursuant to 15 U.S.C. §1681n and §1681o.

WHEREFORE, Plaintiffs moves for class certification and for judgment against the Defendants, individually for actual and/or statutory damages and punitive damages, as a class for statutory damages and punitive damages; and for attorney's fees and costs, and such other specific or general relief the Court does find just and appropriate.

**TRIAL BY JURY IS DEMANDED.**

**JAMES RYALS, JR., et al, for themselves and on behalf of similarly situated individuals.**

By: _____/s/_____
        Leonard A. Bennett
        VSB #37523
        Attorney for Plaintiff
        Consumer Litigation Associates, P.C.
        12515 Warwick Boulevard, Suite 100
        Newport News, Virginia 23606
        Phone: (757) 930-3660
        Fax:    (757) 930-3662
        Email: lenbennett@clalegal.com

        Christopher C. North
        VSB #16955
        Attorney for Plaintiff
        The Consumer Employee and Rights Law
        Firm, P.C.
        751 A. Thimble Shoals Boulevard
        Newport News, Virginia 23606
        Phone:  (757) 873-1010
        Fax:  (757) 873-8375
        Email:  cnorthlaw@aol.com