IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| JAMES RYALS, JR., et al., | |
|     Plaintiffs, | |
|     v. | Civil Action No. 3:09cv625 |
| HIRERIGHT SOLUTIONS, INC., et al., | |
|     Defendants. | |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' NOTICE OF SUPPLEMENTAL
AUTHORITIES IN SUPPORT OF MOTION TO TRANSFER VENUE**

COME NOW the Plaintiffs, by counsel, as and for their Response to Defendants' Notice of Supplemental Authorities in Support of Motion to Transfer Venue, they state as follows:

Defendant, HireRight Solutions, Inc.[1] has filed a Motion to Transfer Venue, proposing to sever the related individual claims of 15 named Plaintiffs. In two foreign venues opposing the same Philadelphia law firm in both cases, Defendant moved to transfer venue to Oklahoma. The Court in each case granted the motion. The Defendant has now filed in this case a reply memorandum styled as a "Notice of Supplemental Authorities in Support of Motion to Transfer Venue" attaching these cases and presenting further argument by such submission.

---

[1] Neither HireRight Solutions, Inc. nor its co-defendants, Altegreity, Inc., Explore Information Services, LLC and USIS have moved to transfer the class claim against these co-defendants.

Defendant's supplemental submission of *Smith v. HireRight Solutions, Inc., et al* and *Henderson v. HireRight Solutions, Inc., et al* opinions require further comment.

<u>First - unlike in *Smith/Henderson*, in this case, the Plaintiffs have pled as their primary claims class allegations limited to consumers in the Fourth Circuit</u> (Virginia, North Carolina, South Carolina, West Virginia and Maryland) (Amended Complaint, ¶ 30). Indeed, Plaintiffs will file their motion for certification of the Fourth Circuit class in a matter of days. This should result in the withdrawal of the Defendant's motion. HireRight itself acknowledged the impropriety of transferring a geographically limited class case on brief, conceding that, "[r]ead together, the decisions illustrate that the scope of the putative class drives the transfer analysis and that deference due a plaintiff's choice of forum is significantly decreased where the class-members are located throughout the country." Def's Mot. Transfer at 8.

HireRight also conceded as much in its briefing in *Adams*, stating that "[c]onsistent with its position here, HireRight has moved to transfer nationwide class actions (reflecting the lesser deference afforded the plaintiff's choice of venue in such actions) such as this one, but *has not done so* where class claims are not alleged (or *where the class is geographically limited and centered in the local forum.) Smith v. HireRight Solutions Inc.*, Civil No. 2:09-cv-6007 (E.D. Pa.) Def's Reply Br. in Supp. of Mot. Transfer, Docket #26. (emphasis added)

Consistent with HireRight's admissions as to the appropriate analysis in the context of a geographically limited class, this Court appropriately rejected an identical motion in a Fourth Circuit class case in a recent class case, holding that:

"In addition, the putative class is limited to consumers residing in the Fourth Circuit...a plaintiff's choice of forum is entitled to significant weight that is not materially diminished merely because the case is a class action. Witness and party convenience also weighs in favor of keeping this matter in Virginia. And while there may be some witnesses and evidence [elsewhere], *the plaintiffs and the potential class are here.*"

*Graham v. Lexis Nexis Risk Management,* Civil No. 3:09cv655, (E.D. Va.), Transcript of Proceedings on Def's Motion to Transfer Venue, pp 19-20, Docket Entry #68. (emphasis added).

Simply put, the decisions in *Smith/Henderson* are not on all fours factually with this case and do not provide meaningful support for HireRight's position. Significantly, the *Ryals* Plaintiffs were not represented and their counsel did not present briefing, evidence or argument in these cases. Unlike the plaintiffs in *Smith/Henderson*, the Plaintiffs in this case have presented detailed and significant evidence that:

(1) Plaintiffs' counsel is aware of at least 130 specific natural persons available as potential witnesses who reside within the Commonwealth of Virginia, *North Declaration at ¶4, 5, 7;*

(2) Plaintiff's counsel is aware of at least 10 specific employers in Virginia with knowledge regarding the underlying employment applications, *Id. at ¶6;*

(3) The various named class representatives have no ties to Oklahoma, but are each aware of numerous third parties located here in Virginia who would corroborate their factual allegations, *Fuentes, Ryals, Shivers, Cooper, and Merriweather Declarations.*

(4) Transfer to Oklahoma would pose a significant hurdle to the ability of the declarants to litigate their claims effectively. *Id.*

Unlike HireRight, which would be merely inconvenienced by having to fly several of its employees to trial, Plaintiffs are ordinary consumers, some unemployed because of Defendants' conduct. Flying themselves, their attorneys and their witnesses to a distant venue would place an unjust burden on them in their otherwise committed willingness to serve as class representatives. And unlike in *Smith/Henderson,* the Defendant has acknowledged that the significant individual claims of the same named Plaintiffs in this case should be severed, and not be transferred.

It argues for this tactical result, despite that these individual claims will require the same "Oklahoma" employees to testify regardless. The convenience or efficiency benefit that it argues for is illusory at best. This is particularly true given the certain ongoing litigation against the

remaining three defendants, including two based in Virginia.

Finally, and with deference to the respective presiding courts, *Smith/Henderson* were incorrectly decided. The Defendant's strategy and argument in both *Smith/Henderson* was to highlight this case, *Ryals,* the first filed case in its venue motions. Defendant asserted an objective of uniting similar cases via venue motion. However, if this were the truly the considered objective and not the result of venue shopping, Smith/Henderson should have been transferred to the forum of the "first-filed" case – this one. The proper venue choice would have been Richmond, Virginia.

This Court, citing Third Circuit law which coincidentally would have governed the analysis in both *Smith* and *Henderson,* has ruled that "[i]n all cases of federal concurrent jurisdiction, the court which first has possession of the subject must decide it". *Byerson v. Equifax Information Svcs.,* 467 F.Supp.2d 627, 635, (E.D. Va 2006) (J. Payne), *citing E.E.O.C. v. Univ. of Pa.*, 850 F.2d 969, 971 (3rd Cir. 1988). Alternatively, HireRight could also have moved for coordinated or consolidated pretrial MDL proceedings. 28 U.S.C. §1407.

However, Defendant chose not pursue the transfer pursuant to the first-to-file analsis or subject to MDL rules, as each alternate and more proper request would certainly have resulted in consolidation of the cases in this district. Thus, to the extent that Smith/Henderson are determined to relevant to the present motion, they should either be rejected as wrongly decided, or should be distinguished given the disparity between the geographical scope of the classes proposed for certification.

                                            **JAMES RYALS, JR., et al,**

                                            _____/s/_____
                                            Leonard A. Bennett, Esq.
                                            VSB #37523
                                            Attorney for Plaintiff
                                            CONSUMER LITIGATION ASSOCIATES, P.C.

                      12515 Warwick Boulevard, Suite 100  
                      Newport News, Virginia 23606  
                      (757) 930-3660 - Telephone  
                      (757) 930-3662 – Facsimile  
                      lenbennett@cox.net

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 16th day of June, 2010, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Amy Rachel Davis  
Williams & Connolly LLP  
725 12th St NW  
Washington, DC 20005  
202-434-5000  
Fax: 202-434-5029  
Email: adavis@wc.com

Dane Hal Butswinkas  
Williams & Connolly LLP  
725 12th St NW  
Washington, DC 20005  
(202) 434-5000

Daniel Patrick Shanahan  
Williams & Connolly LLP  
725 12th St NW  
Washington, DC 20005  
 (202) 434-5174  
Fax: (202) 434-5029  
Email: dshanahan@wc.com

Frank G Bowman  
Williams & Connolly LLP  
725 Twelfth Street, N.W.  
Washington, DC 20005  
202-434-5000  
Fax: 202-434-5029  
Email: fbowman@wc.com

                        /s/

Leonard A. Bennett, Esq.
VSB #37523
Attorney for Plaintiff
CONSUMER LITIGATION ASSOCIATES, P.C.
12515 Warwick Boulevard, Suite 100
Newport News, Virginia 23606
(757) 930-3660 - Telephone
(757) 930-3662 – Facsimile
lenbennett@cox.net