**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**(Richmond Division)**

| | |
|---|---|
| JAMES RYALS, JR., et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>HIRERIGHT SOLUTIONS, INC., et al.,<br><br>    Defendants. | Civil Action No. 3:09cv625 |

**JOINT STIPULATION AND PROTECTIVE ORDER**

IT IS HEREBY STIPULATED by and between Plaintiffs and Defendants Altegrity, Inc.; Explore Information Services, LLC; HireRight Solutions, Inc.; and USIS through their respective attorneys of record, as follows:

WHEREAS, documents, testimony, and information have been and may be sought, produced or exhibited by and among the parties relating to trade secrets, proprietary systems, confidential commercial information, confidential research and development, or other proprietary information belonging to the parties and/or credit and other confidential information of Plaintiffs, the Court ORDERS that the following guidelines shall govern the use, handling, and disclosure of all documents, testimony or other information produced or given in this action which are designated to be subject to this Order.

**I. Definitions**

    1.    As used in this Order the word:

        a.    "Material" shall include any document, material or information in any form or medium whatsoever, including, without limitation, any written or

      printed matter, any photography, drawing, chart, design, or other pictorial representation, and any electronic, magnetic, or photographic recording, whether tape, film, disc, microfiche, or any other medium.

    b. "Person" shall include any party or non-party to these actions, whether an individual, corporation, partnership, unincorporated association, governmental agency, or other business or government entity.

    c. "Confidential Material" means any Material designated as confidential in accordance with the terms of this Order.

## II. Confidential Designation

  2. Any documents, testimony or information submitted, either voluntarily or pursuant to any subsequent order, which is asserted in good faith by the producing party to contain or constitute information protected by Federal Rule of Civil Procedure 26(c)(1)(G) or other provision of law, shall be so designated in writing, or orally at a deposition, hearing, or trial and shall be segregated from other information being submitted. Materials so designated shall be clearly marked on their face with the legend: "CONFIDENTIAL" or "CONFIDENTIAL - ATTORNEY'S EYES ONLY." Such documents, transcripts or other materials are referred herein as "confidential materials."

  3. The parties may stamp as confidential only such Material that they in good faith believe is entitled to protection pursuant to the standards set forth in paragraph two (2) of this Order. A Producing Party may designate as Confidential Material any Material provided to any party in this action that meets the standards of confidentiality set forth in paragraph two (2) of this Order. If a Person or firm who is not a party to this agreement produces, in response to discovery requests in the above-captioned action, material or information that the producing person or firm received in confidence from a party hereto and which meets the standards of confidentiality set forth in paragraph two (2) of this Order, then that party hereto may designate (or cause the producing party to designate) such Material or information as confidential. The

party hereto responsible for such designation shall have the same rights and obligations as a producing party under this Order.

4. In the event the Producing Party elects to produce files and records for inspection and the inspecting party desires to inspect files, no markings need to be made by Producing Party in advance of the initial inspection. For purposes of the initial inspection, all documents within the produced files shall be considered as marked confidential. Thereafter, upon selection of specified documents for copying by the inspecting party, the Producing Party shall mark the copies of such documents as may contain protected subject matter with the appropriate confidentiality designation at the time the copies are produced to the inspecting party.

### III. Restrictions on Use of Confidential Material

5. Confidential material shall not be disclosed, nor shall its contents be disclosed, to any persons other than those described in paragraph seven (7) of this Order and other than in accordance with the terms, conditions and restrictions of this Order.

6. All confidential materials and information derived therefrom (including but not limited to all testimony, deposition, or otherwise, that refers, reflects or otherwise discusses any such materials), shall not be used, directly or indirectly, by any person for any business, commercial or competitive purposes or for any purpose whatsoever other than solely for the preparation and trial of this action in accordance with this Order.

7. For purposes of the preparation, trial, and appeal of this action, and subject to the terms, conditions, and restrictions of this Order, Discovering Counsel may disclose confidential material and the contents of confidential material only to the following persons:

    a. Counsel of record engaged by a party in this action and such counsel's partners, associates, paralegals, and secretarial and clerical employees who are actively assisting in the preparation, trial or appeal of this action.

    b. The defendants in this action.

      c.      Each Plaintiff in this action.

      d.      Court reporters and their staff whose duties require access to confidential material.

      e.      The Court and any person employed by the Court whose duties require access to confidential material.

      f.      Experts and consultants retained, specifically employed, or informally consulted by any counsel described in subparagraph 7(a) above concerning the preparation, trial or appeal of this action and their secretarial and clerical employees who are actively assisting in the preparation, trial or appeal of this action.

8. All confidential material shall be kept secure by the counsel for the Discovering Party and access to confidential material shall be limited to persons authorized pursuant to paragraph nine (9) of this Order.

9. In the absence of prior written permission from the Producing Party or an Order by the Court, any party that seeks to disclose any confidential materials to any disclosed expert pursuant to paragraph 7(f) of this Order, must give notice in writing by facsimile or by electronic transmission to the Producing Party not less than seven (7) days prior to the proposed disclosure. Such notice must include the following things:

      a.      The proposed expert's full name, professional address, and professional affiliations

      b.      An up-to-date curriculum vitae identifying the past five years of consulting history;

      c.      A list of cases in which the expert or consultant has testified at a deposition or at trial within the last five years; and

      d.      A summary of the disclosure.

10. If the Producing Party objects in good faith to the proposed disclosure, it must given notification in writing by facsimile or by electronic transmission of its objections and the grounds thereof prior to the date of the proposed disclosure. If the dispute is not resolved informally within three (3) days of such notice of objections, the Producing Party shall submit

each objection to the Court, together with a request for a ruling, not later than five (5) days after the expiration of that three-day period. If an objection is made, no disclosure shall be made until the Producing Party consents in writing to such disclosure or the Court issues an Order regarding such disclosure.

### IV. Undertaking To Be Bound By Protective Order

11. Confidential materials shall not be disclosed to any person designated in paragraph seven (7) unless he or she has executed a written, dated declaration in the form attached as Exhibit A, acknowledging that he or she has first read this Order, agreed to be bound by the terms thereof, agreed not to reveal such confidential materials to anyone, and agreed to utilize such confidential materials solely for the purposes of this litigation. All persons to whom confidential materials are disclosed are hereby enjoined from disclosing same to any other person except as provided in this Order, and are also enjoined from using same except in the preparation for and trial of this case between the named parties thereto. No person receiving or reviewing confidential materials shall disseminate or disclose them to any person other than those described above in paragraph seven (7) and for the purposes specified, and in no event shall such person make any other use of such confidential materials.

12. In the absence of prior written permission from designating party or an order by the Court, "Confidential - Attorney Eyes Only" material shall not be disclosed to any person other than counsel of record in this case.

13. Discovering Counsel, or his or her designee, shall be responsible for preserving and keeping in a separate file all signed "Exhibit A's" until the end of one year following the final termination of this action.

14. Should any material already designated confidential be disclosed by the Discovering Party, through inadvertence or otherwise, to any person not authorized under this

Stipulated Protective Order, the Discovering Party shall use its best efforts to bind such person to the terms of this Order; and the Discovering Party shall:

    a.    Promptly inform such person of all the provisions of this Order;

    b.    Immediately identify such person and the confidential material disclosed to the party or non-party that designated the document as containing confidential material;

    c.    Request such person to sign a copy of Exhibit A; and

    d.    Retrieve all copies of documents containing the inadvertently disclosed information. The executed Exhibit A shall be provided promptly to the Producing Party.

### V.   Inadvertent Disclosure of Confidential and/or Privileged Material

15.   The inadvertent or unintentional disclosure by the Producing Party of confidential material, either by way of document production or deposition testimony, regardless of whether the material was so designated at the time of the disclosure, shall not be deemed a waiver in whole or in part of a claim of confidentiality, either as to the specific information disclosed or as to any other information relating thereto on the same or related subject matter so long as such inadvertent or unintentional disclosure was not the result of recklessness or gross negligence on the part of the disclosing party. Any such inadvertently or unintentionally disclosed confidential material not designated as such pursuant to paragraph two (2) shall be so designated, by giving written notice to all parties, as soon as reasonably possible after the Producing Party becomes aware of the inadvertent or unintentional disclosure. Within fourteen (14) days of such notice and receipt of substitute copies bearing the appropriate confidentiality legend, the Discovering Party shall return the inadvertently disclosed documents and things and not retain copies thereof, destroy said documents and things, or file an objection opposing the return of such information. If such an objection is filed, the Producing Party bears the burden of filing a motion regarding the confidential status of such inadvertently disclosed material. Unless the Discovering Party is opposing the return or destruction of such information, the Discovering Party also shall use good

faith efforts to arrange for the return or destruction of said documents and things from parties and individuals to whom it may have distributed the documents or things but who were not authorized to receive confidential material under this protective Order. The Discovering Party's disclosures, prior to the receipt of notice from the Producing Party of a new designation, of confidential material to unauthorized parties or individuals shall not be deemed a violation of this protective order. If the Discovering Party is unable to arrange for the return or destruction of such documents and things from such unauthorized parties or individuals, the Discovering Party shall notify the Producing Party within fourteen (14) days of notice from the Producing Party of the identity of such unauthorized parties or individuals and the efforts made to secure the return or destruction of such documents and things. Upon the re-designation of material under this paragraph, upon agreement of the parties, or by Court order, said material shall thereafter be treated as Confidential, as designated by the Producing Party.

## VI. Inadvertent Disclosure of Privileged Information

16. Any inadvertent disclosure of information that otherwise is not discoverable for reasons of the attorney-client privilege, work product privilege, or other privilege, doctrine, or immunity shall be governed by Federal Rule of Civil Procedure 26(b)(5)(B).

## VII. Depositions

17. A deponent may be shown and examined about stamped confidential documents if the deponent produced or otherwise already knows the confidential material or if the Discovering Counsel has complied with paragraphs seven (7) and eleven (11) above.

18. If a witness at a deposition refuses to sign Exhibit A as required by paragraph eleven (11), Discovering Counsel may show confidential material to the witness, and examine the witness concerning same, provided that neither the witness nor his counsel, if any, may retain or be given any copy of the confidential material.

19. A party wishing to designate portions of a deposition transcript "Confidential" pursuant to this Order must, within two (2) business days from the conclusion of the deposition, order the original or a copy of the transcript of the deposition from the court reporter for regular turnaround. The designating party may designate those portions of the transcript "Confidential" or "Confidential- Attorney's Eyes Only", in accordance with paragraph two (2) of this Order. The designating party shall designate such confidential material either on the record or by serving upon all counsel of record via facsimile or other electronic transmission a Notice setting forth the page, line numbers and designation. The designating party must serve such Notice within ten (10) calendar days after its counsel receives a copy of the deposition transcript. All transcripts will be treated as confidential until the expiration of the ten (10) day period described in this paragraph. Any portions of a transcript designated as confidential shall thereafter be treated as confidential in accordance with this Order. The parties shall negotiate in good faith to alter the time frames set forth in this paragraph in situations where a more expedited filing of a designated portion of the deposition transcript is required.

### VIII. Objections to Confidentiality

20. In the event that any party disagrees with any designation made under this Order, the parties shall first try in good faith to resolve the disagreement informally. If the dispute cannot be resolved and the receiving party concludes in good faith that the materials have been improperly classified, the Discovering Party shall notify the Producing Party in writing by facsimile or by electronic transmission of its objection, but shall continue to maintain the documents or other information as confidential for fifteen (15) days after such notice. The Producing Party shall have the right to move the Court to retain the designated status of such materials. If the Producing Party files such a motion within the fifteen (15) day period, the

receiving party shall continue to retain the materials as confidential, consistent with the Producing Party's designation, until the Court has ruled on the Producing Party's motion.

**IX.     Use of Confidential Materials in Pleadings and Other Court Papers**

21.     Any party seeking to file with the Court any pleading, interrogatory answer, affidavit, motion, brief or other paper containing, appending, summarizing, excerpting or otherwise embodying confidential material, must contact the designating party five (5) days prior to such filing to: (I) provide the designating party with notice that it seeks to file confidential material with the Court; and (ii) meet and confer in good faith to determine whether a redacted version of the confidential material can be filed with the Court. In the event no agreement is reached for the filing of a redacted version, the party seeking to file such confidential material shall fill such material in accordance with Local Rules 5(B), 5(D) and 5(E). The designating party shall file a Motion to Seal, in accordance with Local Rules 5(C) and 5(D), simultaneously with the other party's filing. The parties shall work together in good faith to coordinate the filing of all motions and material covered by this paragraph to permit compliance with the local rules.

**X.     Use of Confidential Information at Pretrial Hearings and Trial**

22.     Prior to the use of any confidential material at any pretrial hearing in this action, Discovering Counsel shall take reasonable steps to afford Producing Counsel the opportunity to object to the disclosure of confidential material in open court.

23.     Subject to the Federal Rules of Evidence, confidential material may be offered in evidence at trial or at any judicial hearing, provided that the proponent of the evidence gives five (5) days notice to counsel for the party or person that designated the information as confidential. Any party may move the Court for an order that the evidence be received in camera or under other conditions to prevent unnecessary disclosure. The Court will then determine whether the

proffered evidence should continue to be treated as confidential information and, if so, what protection, if any, may be afforded to such information at trial.

## XI. Return of Confidential Material

24. Within sixty (60) days after the conclusion of this case, upon written request, the parties shall assemble and return to the Producing Party all materials containing information designated in accordance with paragraph two (2) above. The designating party may elect to have its designated materials destroyed rather than returned, in which case the other party shall provide written verification that the materials, including any summaries, extracts, compilations, notes or other attorney work product, have been destroyed.

25. This Order shall remain binding after the conclusion of this case unless otherwise ordered by the Court, and the Court shall retain jurisdiction over all parties bound hereby for the purposes of enforcing this Order. Each individual signing the acknowledgment (Exhibit A) agrees to be subject to the jurisdiction of this Court for purposes of this Order.

## XII. Third Party Subpoenas or Demands

26. If any Discovering Party (a) is subpoenaed in another action, (b) is served with a demand in another action to which it is a party, or (c) is served with any other legal process by one not a party to this action, seeking information which was produced or designated as Confidential by someone other than the Discovering Party, the Discovering Party shall transmit a copy of such subpoena, demand, or legal process by hand or facsimile transmission, within five (5) business days of receipt of such subpoena, demand or legal process to those who produced or designated the material as confidential and shall reasonably cooperate with the Producing Party in preparing timely objections to its production. Should the Person seeking access to the confidential material take action against the Discovering Party or anyone also covered by this Order to enforce such a subpoena, demand or other legal process, the Discovering Party shall

respond by setting forth the existence of this Order. Nothing herein shall be construed as requiring the Discovering Party or anyone else covered by this Order to challenge or appeal any order requiring producing of confidential material covered by this Order, or to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court.

### XIII. Scope of This Order

27. Any party or attorney for a party may furnish confidential material to any other party or attorney for a party without waiving the confidentiality of the material.

28. This Order does not prevent any party from seeking to seal trial transcripts and/or trial exhibits, including documents previously filed under seal, or from seeking any other similar relief pursuant to Local Rule 5(H).

29. Nothing in this Order shall be deemed to limit, prejudice, or waive any right of any party or person (a) to resist or compel discovery with respect to, or to seek to obtain additional or different protection for, material claimed to be protected work product or privileged under federal law, material as to which the Producing Party claims a legal obligation not to disclose, or material not required to be produced pursuant to the Federal Rules of Civil Procedure; (b) to seek to modify or obtain relief from any aspect of this Order; (c) to object to the use, relevance, or admissibility at trial of any evidence, whether or not comprised of confidential material governed by this Order; or (d) otherwise to require that discovery be conducted according to governing laws and rules.

30. The placing of either a confidentiality designation or a production identification number of the face of a document produced shall have no effect on the authenticity or admissibility of that document at trial. Any party requested that an unmarked copy be used at trial shall provide a clean copy to the proponent of the document.

31. Neither the entry of this Order, nor the designation of material as confidential, nor the failure to make such designation, shall constitute evidence on any issue in this case. The designation of any materials as confidential does not waive that party's objection to any discovery on the ground that it seeks information protected by Federal Rule of Civil Procedure 26(c) or other provision of law.

32. Nothing herein shall affect or restrict the rights of any party with respect to its own documents or to the information obtained or developed independently of materials afforded confidential treatment pursuant to this order.

33. This Order is entered without prejudice to the right of any person to waive the applicability of this Order to any confidential material produced or disclosed by that person or to use any confidential material owned by that person in any manner that person deems appropriate.

34. All promises, agreements, obligations and covenants made herein shall be deemed to be orders of this Court, as well as contractual undertakings of the parties, and shall be specifically enforceable by this Court by any relief deemed appropriate by this Court.

**IT IS SO ORDERED.**                    _____

Dated: _____ , 2010         UNITED STATES DISTRICT JUDGE

Dated: 8/6/10

*[signature]*

Matthew James Erausquin (Va. Bar No. 65434)
Consumer Litigation Associates PC
1800 Diagonal Road
Suite 600
Alexandria, VA 22314
703-273-6080
Fax: 888-892-3512
E-mail: matt@clalegal.com

Leonard Anthony Bennett (Va. Bar No. 37523)
Consumer Litigation Associates PC
12515 Warwick Blvd
Suite 100
Newport News, VA 23606
757-930-3660
Fax: 757-930-3662
E-mail: lenbennett@cox.net

Christopher Colt North (Va. Bar No. 16955)
751-A Thimble Shoals Blvd.
Newport News, VA 23606
(757) 873-1010
E-mail: cnorthlaw@aol.com

Matthew Anderson Dooley
Dennis Michael O'Toole
Anthony Rocco Pecora
Stumphauzer, O'Toole, McLaughlin, McGlamery &
Loughman, Co., LPA
5455 Detroit Road
Sheffield Village, OH 44054
(440) 930-4001
dotoole@sheffieldlaw.com

*Attorneys for Plaintiffs*

Dated: __8/6/10__  /s/ Amy R. Davis
Amy R. Davis
VA Bar Number 72872
*Attorney for Defendants*
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC 20005
(202) 434-5000
(202) 434-5029 (facsimile)
adavis@wc.com

Dane H. Butswinkas (Va. Bar No. 30562)
dbutswinkas@wc.com
F. Greg Bowman (Admitted Pro Hac Vice)
fbowman@wc.com
Daniel P. Shanahan (Admitted Pro Hac Vice)
dshanahan@wc.com
*Attorneys for Defendants*
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC 20005
(202) 434-5000
(202) 434-5029 (facsimile)

- 2 -

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
(Richmond Division)**

| | |
|---|---|
| JAMES RYALS, JR., et al.,<br><br>  Plaintiffs,<br><br>v.<br><br>HIRERIGHT SOLUTIONS, INC., et al.,<br><br>  Defendants. | Civil Action No. 3:09cv625 |

**DECLARATION OF _____ UNDER
STIPULATED PROTECTIVE ORDER**

I, _____ being duly sworn, declare as follows:

1. My address is _____.

2. My present employer is _____.

3. My present occupation or job description is _____

_____.

4. I hereby acknowledge that: (i) I have been given a copy of the Stipulated Protective Order ("Protective Order") in the above-referenced case; (ii) I carefully read the Protective Order; and (iii) I understand and am familiar with the terms of the Protective Order.

5. I will comply with all of the provisions of the Protective Order. I will hold all Confidential Materials disclosed to me, including the substance and any copy, summary abstract, excerpt, index or description, in confidence, and will not disclose such material to anyone not qualified under the Protective Order. I will not use any Confidential Material disclosed to me for any purposes other than this case.

6. I will return all Confidential Material that comes into my possession and all documents and things that I have prepared relating thereto, to counsel for the Party by who I am retained or employed, or from whom I received such material.

7. I hereby submit to the jurisdiction of the United States District Court for the Eastern District of Virginia for the purpose of enforcement of the Protective Order in this case.

I declare under the penalty of perjury that the foregoing is true and correct.

_____

## CERTIFICATE OF SERVICE

I hereby certify that, on August _9_, 2010, I will electronically file the foregoing with the Clerk of the Court using the CM/ECF system, which will then send a notification of such filing (NEF) to the following:

Matthew James Erausquin
Consumer Litigation Associates PC
1800 Diagonal Road
Suite 600
Alexandria, VA 22314
703-273-6080
Fax: 888-892-3512
matt@clalegal.com

Christopher Colt North
751-A Thimble Shoals Blvd.
Newport News, VA 23606
(757) 873-1010
cnorthlaw@aol.com

Leonard Anthony Bennett
Consumer Litigation Assoc PC
12515 Warwick Blvd
Suite 100
Newport News, VA 23606
757-930-3660
Fax: 757-930-3662
lenbennett@cox.net

Matthew Anderson Dooley
Dennis Michael O'Toole
Anthony Rocco Pecora
Stumphauzer, O'Toole, McLaughlin,
McGlamery & Loughman, Co., LPA
5455 Detroit Road
Sheffield Village, OH 44054
(440) 930-4001
dotoole@sheffieldlaw.com

*Attorneys for Plaintiffs*

/s/ Amy R. Davis
Amy R. Davis
VA Bar Number 72872
*Attorney for Defendants*
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.W.
Washington, DC 20005
(202) 434-5000
(202) 434-5029 (facsimile)
adavis@wc.com