

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

JAMES RYALS, JR., *et al.*,
on behalf of themselves and all
others similarly situated,

Plaintiffs

v.  CIVIL NO. 3:09cv625

HIRERIGHT SOLUTIONS, INC., *et al.*,

Defendants.

## ORDER OF PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

WHEREAS, the Court has been advised that the Parties to this action, James Ryals, Jr., the other Named Plaintiffs in *Ryals v. HireRight Solutions, et al.*, Bahir Smith, and O'Neal Henderson (hereinafter referred to as "Plaintiffs" or "Class Representatives"), and defendants, HireRight Solutions, Inc. ("HireRight Solutions"), formerly known as USIS Commercial Services, Inc., Altegrity, Inc. ("Altegrity"), Explore Information Services, LLC ("Explore") and USIS (hereinafter collectively referred to as "Defendants"), through their respective counsel, have agreed, subject to Court approval following notice to the Class Members and a hearing, to settle the above-captioned lawsuit (hereinafter referred to as the "Lawsuit") upon the terms and conditions set forth in the Class Action Settlement Agreement and Release (hereinafter referred to as the "Agreement"), which has been filed with the Court, and the Court deeming that the definitions set forth in the Agreement are hereby incorporated by reference herein (with capitalized terms as set forth in the Agreement);

NOW, THEREFORE, based upon the Agreement and all of the files, records, and

1

proceedings herein, and it appearing to the Court that, upon preliminary examination, the proposed settlement appears fair, reasonable, and adequate, and that a hearing should and will be held on November 3, 2011, after notice to the Class Members, to confirm that the proposed settlement is fair, reasonable, and adequate, and to determine whether a Final Order and Judgment should be entered in this Lawsuit:

IT IS HEREBY ORDERED:

1. The Court has jurisdiction over the subject matter of the Lawsuit and over all settling Parties hereto.

2. **CLASS MEMBERS** – Pursuant to Fed. R. Civ. P. 23(b)(3), the Lawsuit is hereby preliminarily certified, for settlement purposes only, as a class action on behalf of the following plaintiffs (hereinafter referred to as the "Class Members") with respect to the claims asserted in the Lawsuit, and composed of following Classes and Subclasses:

   a. 1681k Settlement Class - all consumers for whom HireRight Solutions issued a consumer report for employment purposes requiring notice under § 1681k(a)(1) on or after October 5, 2004 but on or before October 15, 2010.

      i. 1681k – Five-Year Subclass – all consumers for whom HireRight Solutions issued a consumer report for employment purposes requiring notice under § 1681k(a)(1) on or after October 5, 2004 but before December 17, 2007 (hereinafter referred to as "Five-Year Subclass").

      ii. 1681k – Legacy Procedures Subclass – all consumers for whom HireRight Solutions issued a consumer report for employment purposes requiring notice under § 1681k(a)(1) on or after December 17, 2007 but before June 25, 2008 (hereinafter referred to as "Legacy Procedures Subclass").

      iii. 1681k – New Procedures Subclass – all consumers for whom HireRight Solutions issued a consumer report for employment purposes requiring notice under § 1681k(a)(1) on or after June 25, 2008, but on or before October 15, 2010 (hereinafter referred to as "New Procedures Subclass").

b. 1681i Settlement Class – all consumers who submitted a dispute to HireRight Solutions after February 2, 2008 but before August 31, 2010 (hereinafter referred to as "1681i Settlement Class").

c. Actual Damages Claims Settlement Class –members of the 1681i Settlement Class who opt to file claims and become Actual Damages Claimants (hereinafter referred to as "Actual Damages Claims Settlement Class").

3. There are approximately **665,318** 1681k Settlement Class Members divided as follows: **301,391** Five-Year Subclass Members, **129,841** Legacy Procedures Subclass Members, and **234,086** New Procedures Subclass Members. There are approximately **21,726** 1681i Settlement Class Members who are eligible to become Actual Damages Claims Settlement Class Members.

4. **CLASS REPRESENTATIVE AND CLASS COUNSEL APPOINTMENT** – Pursuant to Fed. R. Civ. P. 23, the Court certifies James Ryals, Jr., Craig J. Cooper, Franklin Hill, Daniel Jackson, Ruben A. Fuentes, Byron A. Meriweather, Sharon Spence, Charles E. Taylor, Gregory S. Priebe, Cynthia Tyler, Ray L. Campbell, Leslie Childs, James E. Shivers, Bahir Smith and O'Neal Henderson as the Class Representatives and appoints Leonard Bennett and Matthew Erausquin of Consumer Litigation Associates, P.C.; Christopher Colt North; Dennis O'Toole, Matthew Dooley and Anthony Pecora of Stumphauzer | O'Toole; Sharon Dietrich and Janet Ginzberg of Community Legal Services, Inc.; David A. Searles and Michael D. Donovan of the firm Donovan Searles & Axler, LLC; and James A. Francis and Erin A. Novak of the firm Francis & Mailman, P.C. as Class Counsel.

5. **PRELIMINARY CLASS CERTIFICATION** – The Court preliminarily finds that the Lawsuit satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23, namely:

A. The Class Members are so numerous that joinder of all of them in the Lawsuit is

3

impracticable;

B. There are questions of law and fact common to the Class Members, which predominate over any individual questions;

C. The claims of the Class Representatives are typical of the claims of the Class Members;

D. The Class Representatives and Class Counsel have fairly and adequately represented and protected the interests of all of the Class Members; and

E. Class treatment of these claims will be efficient and manageable, thereby achieving an appreciable measure of judicial economy, and a class action is superior to other available methods for a fair and efficient adjudication of this controversy.

6. The Court preliminarily finds that the settlement of the Lawsuit, on the terms and conditions set forth in the Agreement, is in all respects fundamentally fair, reasonable, adequate, and in the best interest of the Class Members, especially in light of the benefits to the Class Members; the strength of the Parties' cases; the complexity, expense, and probable duration of further litigation; the risk and delay inherent in possible appeals; the risk of collecting any judgment obtained on behalf of the class; and the limited amount of any potential total recovery for the class.

7. **THIRD-PARTY CLASS ACTION ADMINISTRATOR** – Class Counsel, with approval of the Court, have hired RSM McGladrey as the Settlement Administrator (the SA) to oversee the administration of the settlement and the notification to Class Members. The cost of administration by the SA shall be paid from the Settlement Fund. The SA will be responsible for mailing the approved class action notices, claim form, and settlement checks to

4

the Class Members. The settlement checks shall issue from the Settlement Fund only and the SA will verify that the settlement checks were mailed.

8. **CREATION OF AND DEPOSIT INTO SETTLEMENT FUND** – With preliminary approval of the Court, Class Counsel shall establish an escrow account or equivalent account approved by Defendants at Towne Bank, a federally-insured financial institution (the "Financial Institution"), which shall be considered a common fund created as a result of the Action. Class Counsel and Defendants shall direct the Financial Institution to make distributions from the Settlement Fund only in accordance with this Settlement Agreement. No funds shall be distributed or paid by the Financial Institution without written confirmation from both Class Counsel and Defendants' Counsel. Class Counsel shall promptly notify the other Parties of the date of the establishment of the account. Within ten (10) business days following Preliminary Approval, the Defendants and their insurers shall cause to be deposited with the Financial Institution, by draft or by wire, their respective agreed contributions aggregating to twenty eight million, three hundred and seventy five thousand dollars ($28,375,000.00). The Settlement Fund may not be commingled with any other funds and may be held in cash, cash equivalents, certificates of deposit or instruments insured by an arm of or backed by the full faith and credit of the United States Government. Interest earned if any on the Settlement Fund shall be for the benefit of the Settlement Classes in the event this Settlement Agreement is not terminated by the Defendants and the Effective Date otherwise occurs.

9. **NOTICE** – The Court preliminarily approves the form and substance of the written notices of class action settlement, attached to the Agreement as Exhibits B and C. The proposed form and method for notifying the Class Members of the settlement and its terms and conditions meet the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, constitute the

best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entities entitled to the notice. The Court finds that the proposed written notice is clearly designed to advise the Class Members of their rights. In accordance with the Agreement, the SA, within thirty (30) days following this preliminary order, shall cause the completed notices to be mailed to the Class Members as expeditiously as possible, but in no event later than **August 13, 2011.** Additionally, the SA shall maintain a toll-free number and an Internet website that will (1) enable Actual Damages Claims Settlement Class Members to access and download the Mail Notices and other pertinent documents; (2) enable Actual Damages Claims Settlement Class Members to submit their claims online; (3) provide a list of critical dates and deadlines in the settlement process; and (4) provide relevant updates and information with respect to the settlement and approval process. Any language appearing on the website in addition to the Mail Notices, relevant orders of the Court, and contact information for Class Counsel and the SA shall be subject to approval of the Parties.

10. **EXCLUSIONS** – Any Class Member who desires to be excluded from the class must send a written request for exclusion to the SA with a postmark date no later than twenty-one (21) days before the Final Approval Hearing. To be effective, the written request for exclusion must contain the class member's original signature, current postal address and telephone number, the last four digits of the class member's Social Security number, and a specific statement that the proposed Settlement Classes Member wants to be excluded from the Settlement Classes. Any Class Member who submits a valid and timely request for exclusion shall not be bound by the terms of the Agreement.

11. **OBJECTIONS** – Any Settlement Classes Member who does not opt out, but who instead wishes to object to the Settlement or any other matters as described in the Notices,

may do so by filing with the Court a notice of their intention to object (which shall set forth each objection and the basis therefore and containing the objecting Settlement Classes Member's signed verification of membership in the Settlement Classes), with any papers in support of their position, and serve copies of all such papers upon Settlement Classes Counsel and Defendants Counsel. Objections must be filed and served no later than twenty-one (21) days before the Final Fairness Hearing. Objections to the Settlement Classes Counsel's attorneys' fees may be supplemented up to seven (7) days after the filing of a motion for such fees to address additional information or materials in the motion. Finally, the written objection must indicate whether the class member and/or his lawyer(s) intend to appear at the Final Fairness Hearing. Any lawyer who intends to appear at the Final Fairness Hearing must enter a written Notice of Appearance of Counsel with the Clerk of the Court no later than the date set by the Court in its order preliminarily approving this Settlement Agreement and shall include the full caption and case number of each previous class action case in which that counsel has represented an objector.

Class Members who do not timely make their objections in this manner will be deemed to have waived all objections and shall not be heard or have the right to appeal approval of the settlement. Class members who file exclusions may not object to the settlement.

12. **SETTLEMENT PAYMENTS** – Defendants shall make the following payments to the Class and Subclass Members as follows:

    A. **1681k Settlement Class Member Payments**

        1. Settlement Classes Members who appear on a 1681k class list are entitled to payment pursuant to the process set forth in Section 8.9 in the following gross amounts:

7

$15.00 to each consumer appearing on the 1681k – Five-Year Subclass list;

$82.50 to each consumer appearing on the 1681k – Legacy Procedures Subclass list; and

$24.00 to each consumer appearing on the 1681k – New Procedures Subclass list.

The amount of each check to be issued is subject to *pro rata* deduction from the Settlement Fund for attorneys' fees and costs approved by the Court.

2. All 1681k Settlement Member Class payments shall be funded through the Settlement Fund.

3. Settlement checks shall state: "This payment is tendered to you as a class member in *Ryals v. HireRight Solutions, Inc.*, No. 09-cv-625 (E.D. Va.), *Smith v. HireRight Solutions, Inc.*, No. 10-cv-444 (N.D. Okla.), and/or *Henderson v. HireRight Solutions, Inc.*, No. 10-cv-443, in consideration for your release of the Released Parties as set forth in the Settlement Agreement and Release."

B. **1681i Settlement Class Member Payments**

1. 1681i Settlement Class Members who do not submit an Actual Damages Claim are entitled to payment pursuant to Section 8.9 in the gross amount of two hundred dollars (**$200.00**) each. The amount of each check to be issued to such Members is subject to *pro rata* deduction from the Settlement Fund for attorneys' fees and costs approved by the Court.

8

2. All such 1681i Settlement Class Member Payments shall be funded through the Settlement Fund.

3. Settlement checks shall state: "This payment is tendered to you as a class member in *Ryals v. HireRight Solutions, Inc.*, No. 09-cv-625 (E.D. Va.), *Smith v. HireRight Solutions, Inc.*, No. 10-cv-444 (N.D. Okla.), and/or *Henderson v. HireRight Solutions, Inc.*, No. 10-cv-443, in consideration for your release of the Released Parties as set forth in the Settlement Agreement and Release."

C. **Actual Damages Claims Settlement Class Member Payments**

1. The Actual Damages Claims Settlement Fund is estimated to be no less than the gross amount of $ 1,900,000.00, but shall be increased by the payment into this fund of all checks disbursed to 1681k and 1681i Settlement Class Members pursuant to Subsection 8.9.1 that remain uncashed more than forty-five (45) days after mailing.

2. The payment to each Actual Damages Claims Settlement Class Member who is determined to have a Valid Claim shall be made *pro rata* based on the number of Valid Claims and the amount of the Actual Damages Claims Settlement Fund as calculated after the end of the forty-five day period described in Section 8.7.1. To calculate the gross (pre-fees and costs) *pro rata* amount of each payment, the Settlement Administrator shall divide the amount left in the Settlement Fund after all other payments from the Settlement Fund required by this Settlement Agreement have been satisfied by the total number of Valid Claims. Notwithstanding the

9

   foregoing, individual payments to Actual Damages Claims Settlement Class Members may not exceed twenty thousand dollars ($20,000).

3.  If the Settlement Administrator determines that an Actual Damages Claims Settlement Class Member's Claim is not a Valid Claim, then such Actual Damages Claims Settlement Class Member's Award shall be converted into a payment as a 1681i Settlement Class Member pursuant to Section 8.6.

4.  All Actual Damages Claims Settlement Class Member payments shall be funded through the Settlement Fund.

5.  Settlement checks shall state: "This payment is tendered to you as a class member in *Ryals v. HireRight Solutions, Inc.*, No. 09-cv-625 (E.D. Va.), *Smith v. HireRight Solutions, Inc.*, No. 10-cv-444 (N.D. Okla.), and/or *Henderson v. HireRight Solutions, Inc.*, No. 10-cv-443, in consideration for your release of the Released Parties as set forth in the Settlement Agreement and Release."

13.  **CY PRES AWARD** – Any excess funds remaining in the Settlement Fund after all distributions have been made in accordance with this Agreement shall be donated to *cy pres* entity selected by Class Counsel, subject to approval by the Court and reasonable approval by Defendants' Counsel. In the absence of agreement, the Court shall designate the *cy pres* entity to receive the balance of the Settlement Fund.

14.  **FINAL APPROVAL** – The Court shall conduct a hearing (hereinafter referred to as the "Fairness Hearing") on November 3, 2011, at 701 East Broad Street, Richmond, VA 23219, commencing at *10 A*.M., to review and rule upon the following issues:

A. Whether this action satisfies the applicable prerequisites for class action treatment for settlement purposes under Fed. R. Civ. P. 23;

B. Whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interest of the Class Members and should be approved by the Court;

C. Whether the Final Order and Judgment, as provided under the Agreement, should be entered, dismissing the Lawsuit with prejudice and releasing the Released Claims against the Released Parties; and

D. To discuss and review other issues as the Court deems appropriate.

15. Attendance at the Fairness Hearing is not necessary. Class Members need not appear at the hearing or take any other action to indicate their approval of the proposed class action settlement. Class Members wishing to be heard are, however, required to indicate in their written objection whether or not they intend to appear at the Fairness Hearing. The Fairness Hearing may be postponed, adjourned, transferred, or continued without further notice to the Class Members.

16. Applications for attorneys' fees and reimbursement of costs and expenses by Class Counsel, as well as applications for Class Representative incentive awards, shall be filed with the Court *no later than October 20, 2011*. Further submissions by the Parties, including memoranda in support of the proposed settlement and responses to any objections, shall be filed with the Court *no later than October 24, 2011*. The Court will permit the supplementation of any filings by objectors as to attorneys' fees and costs at any date *on or before October 27, 2011*.

17. The Agreement and this order shall be null and void if any of the following occur:

A. The Agreement is terminated or any specified material condition to the settlement

11

set forth in the Agreement is not satisfied and the satisfaction of such condition is not waived in writing by the Parties;

B. The Court rejects, in any material respect, the Final Order and Judgment substantially in the form and content attached to the Agreement and the Parties fail to consent to the entry of another form of order in lieu thereof;

C. The Court rejects any material component of the Agreement, including any amendment thereto approved by the Parties; or

D. The Court approves the Agreement, including any amendment thereto approved by the Parties, but such approval is reversed on appeal and such reversal becomes final by lapse of time or otherwise.

18. If the Agreement and/or this order are voided per ¶ 17 of this order:

A. The class-certification portions of the Settlement Agreement shall have no further force and effect and shall not be offered in evidence or used in the Litigation or in any other proceeding;

B. Counsel for the Parties shall seek to have any Court orders, filings, or other entries in the Court's file that result from this Settlement Agreement set aside, withdrawn, and stricken from the record;

C. The Settlement Agreement and all negotiations, proceedings, and documents prepared, and statements made in connection with either of them, shall be without prejudice to any Party and shall not be deemed or construed to be an admission or confession by any Party of any fact, matter, or proposition of law; and

D. The Parties shall stand in the same procedural position as if the Settlement Agreement had not been negotiated, made, or filed with the Court.

19. The Court retains continuing and exclusive jurisdiction over the action to consider all further matters arising out of or connected with the settlement, including the administration and enforcement of the Agreement.

20. The Court sets the following schedule:

| Date | Event |
| --- | --- |
| July 7, 2011 | Preliminary Approval Order Entered |
| July 13, 2011 | First Mail Notice Sent |
| October 13, 2011 | Deadline to Send Exclusion/File Objection |
| October 20, 2011 | Application for Attorneys' Fees/Incentive Awards Filed |
| October 24, 2011 | Motion for Final Approval Filed |
| November 3, 2011 | Fairness Hearing Held |
| 14 days after Final Approval | Deadline to File Claims |

## ORDER

IT IS SO ORDERED.

DATED: 7/7/11

/s/ *Jay J.*
John A. Gibney, Jr.
United States District Judge