And now comes Anthony Bernard Kenner



| | |
|---|---|
| James Ryals Jr., et al. | Civil no. 3:09cv625 |
| On behalf of themselves and all other's simililarly situated one named Anthony B. Kenner | Anthony Bernard Kenner<br>Redacted<br>Arcadia, La. Redacted<br>Phone Redacted |

Plaintiffs

v.

Hireright Solutions, Inc., et al,
Defendants.

------------------------------------------------

Notice Of Objection

------------------------------------------------

With all due respects to _Clerk of Court 9/ /2011_.
Now comes Anthony B. Kenner, I object to the settlement offer of $15.00 - $55.27. I think this offer is an outrage to the poor people it affects in search for a job. Hireright Solution has caused others and myself to be possibled rejected by possible employment and have blackballed our names by using outdated information causing suffering, pain, stress, and hardship. Taking food off our tables and causing financial problems, some of which can never be solved and scarred us for life.   And so as I close. I pray to the court that they may hold Hireright Solutions accountable for their action and prosecute them to fullest extent of the law. I am automotive tech. Their actions cost me a job and hurt my career. I think they should pay dearly for it ; because I am still unemployed.

Witnesses 

Yolanda B. Jackson
#69242
Notary public

Thank You.
Anthony B. Kenner

Petition Of Statement To Be Filed In The United States District Court

*701 East Broad Street*
*Richmond VA. 23219*

And Now Comes Anthony B. Kenner

|  |  |
|---|---|
| James Ryals Jr., et al. | civil # 3:09cv625 |
| On Behalf of Themselves | Anthony Bernard Kenner |
| And All other's similiarly | Redacted |
| Situated one named | Arcadia, La. Redacted |
| Anthony B. Kenner | Phone Redacted |

Plaintiffs

V.

Hireright Solution, Inc., et al

Defendants

Petition Of Statement
With All Due Respect To:

*Clerk of Court  9/ /2011*

I, Anthony B. Kenner, did receive a letter stating that I am part of the class action civil case no. 3:09cv625; James Ryals Jr. et al V. Hireright Solutions.   Exhibits A,B, and C are attached as proof of my involvement in this class action case.

Exhibit A
1.A.   A copy of drivers license and copy of letter received from this class action case.

Exhibit B
2.B.   A copy of my medical device I.D.

Exhibit C

3.C. Proof of date the letters where mailed to the Class Counsel and the Defense Counsel.

Witnesses

_[signature]_

_[signature]_

Thank You.
Anthony B. Kenner

_Yolanda B. Jackson_
_#69-242_
_Notary Public_






**Settlement Administrator**
*Ryals v. HireRight Solutions, Inc.*
**Post Office Box 4109**
**Portland, OR 97208-4109**



PRESORTED STD
U.S. POSTAGE
**PAID**
TWIN CITIES, MN
PERMIT NO. 3648

504203026993

ANTHONY KENNER
Redacted
ARCADIA LA    Redacted



RYALS 0811

*A FEDERAL COURT ORDERED THIS NOTICE. THIS IS NOT A SOLICITATION FROM A LAWYER.*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

JAMES RYALS, JR., *et al*,
on behalf of themselves and all
others similarly situated,

        Plaintiffs

v.                                                  CIVIL NO. 3:09cv625

HIRERIGHT SOLUTIONS, INC., *et al*,

        Defendants.

## NOTICE OF CLASS ACTION SETTLEMENT

**IF YOU APPLIED FOR A JOB WITH AN EMPLOYER THAT ACCESSED YOUR CONSUMER REPORT FROM HIRERIGHT SOLUTIONS, INC. (FORMERLY USIS COMMERCIAL SERVICES, INC.) ON OR AFTER OCTOBER 5, 2004 AND ON OR BEFORE OCTOBER 15, 2010, YOU MAY BE ENTITLED TO A CASH PAYMENT FROM A CLASS ACTION SETTLEMENT**

A settlement has been proposed in a class action lawsuit against HireRight Solutions, Inc. (formerly USIS Commercial Services, Inc.), Altegrity, Inc., Explore Information Services, LLC, and US Investigations Services, LLC on behalf of consumers who on or after October 5, 2004 but on or before October 15, 2010 were the subject of an employment background check that contained negative public record information such as a criminal or traffic arrest, charge or conviction, civil judgment, bankruptcy or tax lien.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| DO NOTHING | If the Court approves the settlement, a check in an amount between $10.00 and $55.27 will be mailed to you. |
| EXCLUDE YOURSELF | You remove yourself from participation in this class action and do not receive a benefit from this settlement. However, you retain any right to file a separate lawsuit against any of the Defendants. If you choose this option, it is important that you promptly speak to an attorney because of the time-sensitive nature of claims under the Fair Credit Reporting Act. |
| OBJECT | You remain a Class Member, but write to the Court and explain why you don't think the settlement is fair, reasonable, and/or adequate. |

## BASIC INFORMATION

### 1. WHY DID I RECEIVE THIS NOTICE?

A Court authorized the notice because you have a right to know about a proposed settlement of this class action lawsuit and about all of your options before the Court decides whether to give "final approval" to the settlement. This notice explains the lawsuit, the settlement, and your legal rights. Judge John A. Gibney, Jr., of the United States District Court for the Eastern District of Virginia, is overseeing this class action. The case is known as *Ryals v. HireRight Solutions, Inc.*, Civil No. 3:09cv625.

QUESTIONS? VISIT WWW.DACCLASSACTION.COM OR CALL 1-877-854-4675
-1-

## 2. WHAT IS THIS LAWSUIT ABOUT?

Three separate class action lawsuits ("Lawsuits") against Defendants HireRight Solutions, Inc. and the other entities named above ("Defendants" or "HireRight Solutions") have been consolidated for certain purposes in the United States District Court for the Eastern District of Virginia under the caption of *Ryals v. HireRight Solutions, Inc.*, Civil No. 3:09cv625. The persons who sued on behalf of the class are called the "Plaintiffs," and the companies sued are called the "Defendants."

*Case Facts*
The Lawsuits allege that certain policies and practices of Defendants in connection with background checks sold by HireRight Solutions to prospective employers are in willful violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq*. ("FCRA"). Specifically, the Lawsuits contend that Defendants violated the FCRA by (1) failing to provide consumers with notice that they were furnishing an employment-purposed consumer report "at the time" they were doing so; (2) failing to follow proper procedures for providing information to consumers upon their request; (3) failing to follow proper procedures for initiating and resolving consumer disputes; (4) failing to timely update employment applicants' criminal record histories to show that such records have been expunged; and, (5) failing to ensure that criminal records were not duplicatively reported in a single background check report.

YOU ARE RECEIVING THIS NOTICE BECAUSE PLAINTIFFS ALLEGE THAT HIRERIGHT SOLUTIONS FURNISHED YOUR BACKGROUND CHECK TO AN EMPLOYER/ PROSPECTIVE EMPLOYER BUT DID NOT SEND YOU A NOTICE AT THAT TIME, AND THEY ALLEGE THAT THIS VIOLATED THE FCRA.

*How the Defendants Responded*
Defendants have denied all charges and allegations of wrongdoing asserted in the Lawsuits and contend that they acted lawfully and in compliance with the FCRA at all times. Notwithstanding the denials of liability and alleged unlawful conduct, Defendants have decided it is in their best interest to settle the Lawsuits to avoid the burden, expense, risk and uncertainty of continuing the Litigation.

## WHO IS AFFECTED BY THE SETTLEMENT?

### 3. HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT?

You are a member of the Settlement Class and are affected by the settlement because you applied for a job where the prospective employer was supplied with a background check generated by the Defendants.

Specifically, for the purposes of settlement only, the Court has provisionally certified a Settlement Class defined as follows:

> "1681k Settlement Class" means all consumers for whom HireRight Solutions issued a consumer report for employment purposes requiring notice under §1681k(a)(1) on or after October 5, 2004 but on or before October 15, 2010.

> Excluded from the Class are employees of Defendants, all counsel in this case, any judge who has presided over either mediation or disposition of this case (and the members of his immediate family), and any person who has already released Defendants.

If you fall within the foregoing 1681k Settlement Class definition, you will be a 1681k Settlement Class Member unless you exclude yourself from the Settlement Class.

## WHAT BENEFITS ARE PROVIDED?

### 4. WHAT DOES THE SETTLEMENT PROVIDE?

Defendants have agreed to pay into a Settlement Fund for the benefit of the 1681k Settlement Class. These are the claims for failing to send you a notice "at the time" HireRight Solutions furnished a report to your employer. Payments will be made by check to each Class Member in the following approximate amounts:

> If HireRight Solutions issued your consumer report on or after October 5, 2004 but before December 17, 2007 – a gross amount of $15.00, with an expected net payment of $10.00;

    If HireRight Solutions issued your consumer report on or after December 17, 2007 but before June 25, 2008 – a gross amount of $82.50, with an expected net payment of $55.27;

    If HireRight Solutions issued your consumer report on or after June 25, 2008, but on or before October 15, 2010 – a gross amount of $24.00, with an expected net payment of $16.00.

Because the amount of each check to be issued is subject to *pro rata* deduction from the Settlement Fund for attorneys' fees and costs approved by the Court, the expected payment is the "Net" amount stated above.

As a term of the Settlement, HireRight Solutions has agreed to implement process changes and continue to implement improvements made to its legacy products, practices, and policies to enhance the accuracy of consumer reports it may furnish from any proprietary criminal records databases it maintains.

## HOW YOU GET SETTLEMENT BENEFITS

### 5. HOW CAN I GET A BENEFIT?

You do not need to do anything to receive the benefits of the settlement. If the settlement is finally approved, you will automatically receive a payment, unless you have excluded yourself from the Settlement Class.

The check will be mailed to the address appearing in HireRight Solutions's records. If your address has changed or is changing, you may contact the Settlement Administrator at the address listed at the bottom of this notice.

### 6. WHEN WOULD I GET MY SETTLEMENT CHECK?

The Court will hold a hearing on November 3, 2011 to decide whether to approve the settlement. If the Court approves the settlement after that, there may be appeals. It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year after Court approval. The progress of the settlement will be reported at the website www.DACClassAction.com. Please be patient.

### 7. WHAT AM I GIVING UP TO GET A BENEFIT OR STAY IN THE SETTLEMENT CLASS?

Unless you exclude yourself, you are staying in the Settlement Class, which means that you cannot be part of any other lawsuit against any of the Defendants (or other parties released by the settlement) about the legal claims in this case and legal claims that could have been brought in this case. It also means that all of the Court's orders will apply to you and legally bind you. If you do not exclude yourself from the Settlement Class, you will agree to a "Release of Claims," stated below, which describes exactly the legal claims that you give up if you get settlement benefits. Basically, you are releasing your right to individually sue for any violation of Federal or State law based on HireRight Solutions's failure to send you a notice "at the time" it furnished your consumer report to an employer and your right to sue on a class action basis for any violation of the FCRA or State FCRA equivalents.

The "Release" contained in the Settlement Agreement states:

    In exchange for the relief described in this Settlement Agreement, 1681k Settlement Class Members and any of their respective heirs, spouses, executors, administrators, partners, attorneys, predecessors, successors, assigns, agents and/or representatives, and/or anyone acting or purporting to act on their behalf agree to release the Released Parties from any and all class action claims arising under the FCRA or an FCRA State Equivalent, any and all claims for any statutory damages resulting from an alleged violation of the FCRA or an FCRA State Equivalent, any and all claims for punitive damages resulting from an alleged violation of the FCRA or an FCRA State Equivalent, and any and all claims that Defendants willfully violated the FCRA or willfully violated or exercised gross negligence in violating a FCRA State Equivalent. Furthermore, the 1681k Settlement Class Members release the Released Parties from any and all claims alleging a failure to provide the notice or information as required by Section 613 of the FCRA, 15 U.S.C. §1681k, or FCRA State Equivalents including a release for any and all actual damages, damages stemming from any allegations of willfulness, damages for emotional distress, statutory damages, consequential damages, incidental damages, treble damages, punitive and exemplary damages, as well as all claims for equitable, declaratory or injunctive relief based on these claims.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want a benefit from this settlement, but you want to maintain your right to sue or continue to sue the Defendants on your own about the legal issues in this case, you must take steps to exclude yourself from the Settlement Class. This is called excluding yourself – or is sometimes referred to as "opting out" of the Settlement Class. Opting out gives you the right to bring your own lawsuit but may preclude you from participating in any future class action against Defendants and does not guarantee that your own lawsuit will be successful.

### 8. HOW DO I EXCLUDE MYSELF FROM THE SETTLEMENT?

You may "opt out" or exclude yourself from the settlement as explained below.

REQUESTS FOR EXCLUSION THAT ARE NOT POSTMARKED ON OR BEFORE OCTOBER 13, 2011 WILL NOT BE HONORED.

You cannot exclude yourself on the phone or by email. You also cannot exclude yourself by mailing a request to any other location or after the deadline.

If you exclude yourself, you should promptly consult your own attorney about your rights as the time to file an individual lawsuit is limited.

To exclude yourself from the settlement, you must complete the attached Exclusion Request, selecting "I am opting out" where indicated, or send a letter stating that you want to be excluded from the settlement of the *Ryals v. HireRight Solutions* case. Be sure to include: (1) the name of this lawsuit, *Ryals v. HireRight Solutions, Inc.*, Civil Action No. 3:09cv625; (2) your full name, current address, telephone number, and last four digits of your Social Security number; (3) a statement of intention to exclude yourself from the settlement; and (4) your signature. You must mail your Exclusion Request so that it is postmarked no later than October 13, 2011, to:

> Exclusion Requests - *Ryals* Settlement Administrator
> Post Office Box 1387
> Blue Bell, PA 19422

### 9. IF I DO NOT EXCLUDE MYSELF, CAN I SUE DEFENDANTS FOR THE SAME THING LATER?

No. Unless you exclude yourself, you give up the right to sue the Defendants for the claims that this settlement resolves. If you have a pending lawsuit, speak to your lawyer in that lawsuit immediately. You may need to exclude yourself from *this* class action in order to continue your own lawsuit. Remember, October 13, 2011 is the deadline by which your Exclusion Request must be postmarked.

### 10. IF I EXCLUDE MYSELF, CAN I GET ANY MONETARY BENEFIT FROM THIS SETTLEMENT?

No.

## THOSE REPRESENTING YOU

### 11. DO I HAVE A LAWYER IN THE CASE?

The Class Representatives retained **Leonard A. Bennett** and **Matthew J. Erausquin**, Consumer Litigation Associates, P.C., 12515 Warwick Boulevard, Suite 100, Newport News, VA 23606; **Christopher Colt North**, 751-A Thimble Shoals Blvd., Newport News, VA 23606; **Dennis M. O'Toole, Matthew A. Dooley**, and **Anthony R. Pecora**, Stumphauzer, O'Toole, McLaughlin, McGlamery & Loughman, 5455 Detroit Rd., Sheffield Village, OH 44054; **James Francis** and **Erin Novak**, Francis & Mailman, P.C., 19th Floor, 100 S. Broad Street, Philadelphia, PA 19110; **Sharon Dietrich** and **Janet Ginzberg**, Community Legal Services, Inc., 1424 Chestnut Street, Philadelphia, PA 19102; and **David Searles** and **Michael Donovan**, Donovan Searles & Axler, LLC, 1845 Walnut Street, Philadelphia, PA 19104 to represent them. In connection with the preliminary approval of the settlement, the Court appointed these firms to represent you and other Class Members. Together, the lawyers are called Class Counsel. You will not be separately charged by these lawyers for their work on the case. If you want to be represented by your own lawyer, you may hire one at your own expense.

### 12. HOW WILL THE LAWYERS BE PAID?

Class Counsel will ask the Court for an award of attorneys' fees, which the Defendants have agreed to pay, with counsel for one of the consolidated cases requesting a percentage of approximately 24% of the Settlement Fund and Class Counsel for the other two of the consolidated cases requesting a percentage of approximately 9% of the Settlement Fund. However, the Court may ultimately award less than this amount. Class Counsel will also ask the Court to reimburse their costs and expenses incurred by them and by the Class Representatives in litigating this matter. The Defendants have paid for the costs of this notice to you and the costs of administering the Settlement Fund.

### 13. ARE THE CLASS REPRESENTATIVES ENTITLED TO A SEPARATE PAYMENT?

Class Representatives will ask the Court to approve a payment to each of the named Plaintiffs of an amount not to exceed $10,000 each as an incentive award for their efforts and time expended in prosecuting this case. However, the Court may ultimately award less than these amounts.

## OBJECTING TO THE SETTLEMENT

### 14. HOW DO I TELL THE COURT THAT I DO NOT LIKE THE SETTLEMENT?

If you are a Settlement Class Member, you can object to the settlement if you do not think any part of the settlement is fair, reasonable, and/or adequate. You can and should explain the detailed reasons why you think the Court should not approve the settlement, if this is the case. The Court and Class Counsel will consider your views carefully. To object, you must send a letter stating that you object to the settlement in the *Ryals v. HireRight Solutions* case. Be sure to include (1) the name of this lawsuit, *Ryals v. HireRight Solutions, Inc.*, Civil Action No. 3:09cv625; (2) your full name, current address and telephone number; (3) a detailed explanation of the reasons you object to the settlement and any papers in support of your position; and (4) signed verification of membership in the Settlement Class. Mail these materials to these three different places so that they are received no later than October 13, 2011.

| COURT | CLASS COUNSEL | DEFENSE COUNSEL |
|---|---|---|
| Clerk of the Court | **Leonard A. Bennett** | **Dane H. Butswinkas** |
| United States District Court | Consumer Litigation Associates, P.C. | Williams & Connolly, LLP |
| 701 East Broad Street | 12515 Warwick Boulevard, Suite 100 | 725 12th Street, NW |
| Richmond, VA 23219 | Newport News, VA 23606 | Washington, DC 20005 |

You also must file a statement with the Court that tells the Court the date that you also mailed or delivered copies of these papers to Class Counsel and Defense Counsel.

There are additional requirements necessary for your attorney if you retain one. These requirements are stated in the Settlement Agreement and Preliminary Approval Order available at www.DACClassAction.com.

### 15. WHAT IS THE DIFFERENCE BETWEEN OBJECTING AND EXCLUDING?

Objecting is simply telling the Court that you do not like something about the settlement. You can object only if you remain in the Class. Excluding yourself is telling the Court that you do not want to be part of the Class. If you exclude yourself, you have no basis to object to this settlement because the case no longer affects you.

## THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the settlement. You may attend, and you may ask to speak, but you do not have to.

### 16. WHEN AND WHERE WILL THE COURT DECIDE TO APPROVE THE SETTLEMENT?

The Court will hold a Fairness Hearing on November 3, 2011, at 10:00 a.m., in Courtroom 6000 of the United States District Court for the Eastern District of Virginia, 701 East Broad Street, Richmond, VA 23219. At this hearing, the Court will consider whether the settlement is fair, reasonable, and adequate. If there are objections, the Court will consider them. The Court will listen to people who have submitted timely requests to speak at the hearing. The Court may also decide the amount that Class Counsel and Class Representatives shall be paid. After the hearing, the Court will decide whether to finally approve the settlement.

### 17. DO I HAVE TO COME TO THE HEARING?

No. Class Counsel will answer questions the Court may have. But you are welcome to come at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you mailed your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary.

### 18. MAY I SPEAK AT THE HEARING?

You may ask the Court for permission to speak at the Fairness Hearing. To do so, you must send a letter saying that it is your "Notice of Intention to Appear in the *Ryals v. HireRight* case." Be sure to include your name, address, telephone number and your signature. Your Notice of Intention to Appear must be sent to the Clerk of the Court, Class Counsel and Defense Counsel, at the three addresses previously provided in section 14, and must be received by the Clerk of the Court by October 13, 2011. You cannot speak at the hearing if you have excluded yourself.

## GETTING MORE INFORMATION

### 19. ARE THERE MORE DETAILS ABOUT THE SETTLEMENT?

This notice summarizes the proposed settlement. More details can be found on the settlement website at www.DACClassAction.com, which includes the complaint, Settlement Agreement, and other governing settlement documents.

### 20. HOW DO I GET MORE INFORMATION?

You can visit the website at www.DACClassAction.com. If you have questions about the case, you can call toll free (877) 854-4675, or you can contact Class Counsel, **Leonard A. Bennett**, Consumer Litigation Associates, P.C. by e-mail at bennett@clalegal.com, or by mail at 12515 Warwick Boulevard, Suite 100, Newport News, VA 23606.

**PLEASE, DO NOT CALL THE COURT, THE CLERK OR THE DEFENDANTS REGARDING THIS SETTLEMENT.**

### Exclusion Request – Ryals Settlement Administrator
### Receive No Settlement Benefits

**(If you choose this option, you will not receive a settlement check)**

To exclude yourself from the settlement, you must complete the attached Exclusion Request, selecting "I am opting out" where indicated, or send a letter stating that you want to be excluded from the settlement of the *Ryals v. HireRight Solutions* case. Be sure to include: (1) the name of this lawsuit, *Ryals v. HireRight Solutions, Inc.*, Civil Action No. 3:09cv625; (2) your full name, current address, telephone number, and last four digits of your Social Security number; (3) a statement of intention to exclude yourself from the settlement; and (4) your signature.

You must mail your Exclusion Request so that it is postmarked no later than October 13, 2011, to:

> Exclusion Requests - *Ryals* Settlement Administrator
> Post Office Box 1387
> Blue Bell, PA 19422

---

### Exclusion Request - *Ryals* Settlement Administrator

FILL OUT AND RETURN THIS FORM ONLY IF YOU WISH TO EXCLUDE YOURSELF FROM THE SETTLEMENT. IF YOU WISH TO PARTICIPATE IN THE SETTLEMENT, YOU DO NOT NEED TO RETURN THIS FORM.

____ I am opting out of the Settlement in *Ryals v. HireRight Solutions, Inc.*, Civil Action No. 3:09cv625.

Full name: _____

Current address: _____
_____
_____

Phone number: _____

Last four digits of SSN: _____

_____
Signature

**QUESTIONS? VISIT WWW.DACCLASSACTION.COM OR CALL 1-877-854-4675**

# Louisiana Technical College

Hereby certifies that

## Anthony B. Kenner

has satisfactorily achieved Technical Competency

in

## Automotive Technology: Electrical Technician

as prescribed by the Board of Supervisors of the Louisiana Community and Technical College System

Under the authority of the Board and upon the recommendation of the faculty, the Regional Director of Louisiana Technical College the twentieth day of March, Two Thousand Eight.



_Northwest Campus Administrator_

_Regional Director_

# Service Technical College

**GM TRAINING**

## Certificate of COMPLETION

### ANTHONY KENNER

has successfully completed the following course from the General Motors Service Technical College

**10041.00W**

## SI Overview



This certificate is awarded by the authority of the Service Technical College of General Motors on

**May 19, 2008**

Director of GM Dealer Business Improvement

GM TRAINING

Service Technical College

GM

*Certificate of*
# COMPLETION

**ANTHONY KENNER**

has successfully completed the following course from the General Motors Service Technical College

16048.16W

**Tech 2 Familiarization**



Director of GM Dealer Business Improvement

This certificate is awarded by the authority of the Service Technical College of General Motors on

Jul 8, 2008

GM TRAINING

Service Technical College

*Certificate of*

# COMPLETION

## ANTHONY KENNER

has successfully completed the following course from the General Motors Service Technical College

16048.25W

## Multiple Diagnostic Interface (MDI) Familiarization



Director of GM Dealer Business Improvement

This certificate is awarded by the authority of the Service Technical College of General Motors on

Jun 12, 2008

Anthony B. Kenner
Arcadia, LA.

Redacted

Redacted

Clerk of the Court
United States District
701 East Broad Street
Richmond, VA 23219

7005 0390 0004 9936 7626

CERTIFIED MAIL

UNITED STATES POSTAL SERVICE

0000  22219

U.S. PO
SIMSBORO
7127
OCT 07,
AMOUN
$6.
00087