**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| |
|---|
| JAMES RYALS, JR., et al., |
| Plaintiffs, |
| v. |
| HIRERIGHT SOLUTIONS, INC., et al., |
| Defendants. |

Case No. 3:09cv625

**CLASS COUNSEL'S SUPPLEMENTAL FILING IN SUPPORT OF MOTION**
**FOR ATTORNEYS FEES AND EXPENSES**

Pursuant to the Court's instruction and minute entry (Docket #116), Class Counsel supplement their briefing in support of their Motion for Attorneys Fees and Expenses (Docket # 100, 108) to provide additional record of their time and expenses. They further state as follows:

Counsel have requested an award of attorneys fees and expenses as a percentage of the common fund, to be capped at a gross percentage of thirty-three percent (33%) of the actual common fund paid by Defendants to and for the benefit of the class.  The total cash fund is twenty eight million, three hundred and seventy five thousand dollars ($28,375,000), which means that the full fee and costs award requested will total nine million, three hundred sixty three thousand, seven hundred and fifty dollars ($9,363,750.00).  This figure includes all expenses, an amount of at least $116,763.65, which means that the actual fee award net of expenses would be $9,246,986.35, or 32.6% of the cash fund.

The Court has asked for additional time records – a set of records from each law firm – in order to measure the fee award against comparable awards in other cases. Under any fair measure, the award requested in this case is appropriate.

### A.  A FEE AWARD OF 32.6% (OR 33% INCLUSIVE OF EXPENSES) COMPARES FAIRLY TO AWARDS IN PREVIOUS CLASS ACTIONS.

The focus of a fee determination in a class settlement is the actual benefit obtained for the class. MANUAL FOR COMPLEX LITIGATION (FOURTH) § 21.71 ("Compensating counsel for the actual benefits conferred on the class members is the basis for awarding attorney fees. The 'fundamental focus is the result actually achieved for class members.'  That approach is premised on finding a tangible benefit actually obtained by the class members.  In comparing the fees sought by the lawyers to the benefits conferred on the class, the court's task is easiest when class members are all provided cash benefits that are distributed.").  Plaintiffs have already briefed the question of what percentage of a common fund is appropriate.  The "bell curve" range of contingency percentages in class cases, supported with a string cite of class fee award decisions is between 25% and 40%.  "Empirical studies show that, regardless whether the percentage method or the lodestar method is used, fee awards in class actions average around one-third of the recovery." 4 Newberg on Class Actions § 14:6 (4th ed.).  *See also In re Rite Aid Corp. Sec. Litig.*, 146 F. Supp. 2d 706, 735 (E.D. Pa. 2001) (review of 289 class action settlements demonstrates "average attorney's fees percentage [of] 31.71%" with a median value that "turns out to be one-third").  In an analysis of such historic patterns and guidelines, Reagan W. Silber and Frank E. Goodrich explained:

> Although empirical evidence does not necessarily establish what the court
> should do in a specific case, it provides benchmark standards for the court
> to determine the reasonableness of a fee award. Because plaintiffs'

attorneys must be able to predict the fee determinations that courts are likely to make years later if they are to undertake lengthy and risky litigation on a contingent fee basis, such benchmarks have particular importance in this area of the law.

National Economic Research Associates, an economics consulting firm, recently conducted an analysis of fee awards in class actions. Using data from 656 shareholder class actions that were settled, dismissed, or resolved by a jury verdict from January 1991 to December 1994, the Dunbar Study found that attorneys' fees in these class actions averaged approximately 32% of the recovery, regardless of the case size. When plaintiffs' judicially approved expenses were added to the fee award, the fees and expenses averaged 34.74% of the created fund.

Furthermore, the Federal Judicial Center Study discussed earlier found that in the four districts studied, most fee awards in common fund class actions were between 20% and 40% of the gross monetary settlement. The survey discovered little variation among the four district courts. Although the four districts were geographically and demographically diverse, each court seemed to award fees within the same narrow range of percentages. Although there are only a few cases involving recoveries as high as $40 million, the case law does not reflect a trend toward lower percentages in larger cases.

Reagan W. Silber and Frank E. Goodrich, *Common Funds and Common Problems: Fee Objections and Class Counsel's Response*, 17 Rev. Litig. 525, 545-46 (1998).

## B. A CROSS-CHECK OF TIME INCURRED AND HOURS WORKED PROVIDES ADDITIONAL SUPPORT FOR CLASS COUNSEL'S REQUEST.

The Court has also requested records of time worked from Counsel to measure the consistency of the requested award with other class action cases by means of a fee cross-check.  Unlike a traditional Rule 54 lodestar application, a "cross-check" is obtained by a rough estimate of time spent and expenses incurred.  MANUAL FOR COMPLEX LITIGATION (FOURTH) § 21.724 (In common fund cases, judges sometimes ask "for an estimate of the number of hours spent on the litigation and a statement of the hourly rates for all attorneys and paralegals who worked on the litigation. Such information can serve as a 'cross-check' on the determination of the percentage of the common fund that should be awarded to counsel.")

Plaintiff's have previously submitted the record of time incurred for some of the law firms joining in this request.  These are included, with the addition of time for lead counsel, Consumer Litigation Associates, P.C., and time details for co-Lead Pennsylvania counsel.  While an inexact record of work performed[1], the time details evidence the following:[2]

|  | FEE ESTIMATES | EXPENSES |
| --- | --- | --- |
| Consumer Litigation Associates, P.C. | $564,581.25 | $75, 890.08 |
| Donovan Searles | $491,776.00 | $9,510.55 |
| Francis and Mailman | $536,215.00 | $11,750.87 |
| Stumphauzer O'Toole | $709,222.50 | $17,803.15 |
| Consumer/Employee Rights Law Firm | $215,625.00 | $1,809.00 |
| Community Legal Services[3] | $150,000.00 | |
| **TOTAL** | **$2,607,419.75** | **$116,763.65** |

---

[1] Most of the law firms involved entered and litigated the case without an ambition to submit a straight lodestar petition.  The time recorded is thus sometimes in excess of that that would have been otherwise petitioned (hours have not always been removed or noted for redundancy, duplication or billing discretion) and other times inadequate.  For example, substantial hours incurred after Preliminary approval incurred in administrative work or answering class member inquiries is not included.   Substantial time involved in finding class representatives and negotiating the relationships between *Ryals* counsel was never recorded.

[2] Time record summaries are attached as Exhibits "A" through "E", respectively.

[3] Substantial additional time was incurred by the public interest team at Community Legal Services, though their hours and rates are not billed.  CLS attended all major mediations and most co-counsel calls and emails after the team-up of *Ryals* and *Smith/Henderson* and as well most work sessions, calls and hearings when the *Smith/Henderson* cases were still in Pennsylvania.  Their fees should be fairly imputed at an amount in excess of $150,000.00.  Class Counsel has also not yet received a statement from *Smith/Henderson* Oklahoma counsel.

If the Court approves an award of all litigation expenses in the amount of $116,763.65, that leaves a requested fee of $9,246,986.35. Imputing CLS time, the gross time and rate summaries total $2,607,419.75. The multiplier for this gross fee estimate would be 3.55. Removing 20% for billing discretion, work billable to two cases and plain duplication, the estimated fees still exceed $2,000,000.00. The multiplier for the full hours as detailed would be 4.6.

These multipliers are within the range of fairness. Multipliers within this range are common. Courts nationwide have – many times over – approved multipliers larger than the one Class Counsel requests here, sometimes in cases in which much less work was completed. *See, e.g.*, *In re Charter Commc'n, Inc., Sec. Litig.*, No. MDL 1506, 4:02-CV-1186 CAS, 2005 WL 4045741, at *1, *18 (E.D. Mo. June 30, 2005) (approving lodestar multiplier of 5.61); *In re Xcel Energy, Inc., Sec., Derivative & "ERISA" Litig.*, 364 F. Supp. 2d 980, 989 (D. Minn. 2005) (multiplying lodestar by 4.7 in a case involving review of documents as well as discovery responses that was resolved without plaintiffs taking any depositions and after only two days of mediation); *In re Rite Aid Corp. Sec. Litig.*, 362 F. Supp. 2d 587, 589 (E.D. Pa. 2005) (awarding lodestar multiplier of 6.96 despite the fact that the parties engaged in mostly informal discovery and took no depositions); *Maley v. Del Global Techs. Corp.*, 186 F.Supp.2d 358, 362 (S.D.N.Y. 2002) (describing multiplier of 4.65 as "modest" in a case in which plaintiffs conducted no depositions, only interviews, and confirmatory discovery consisted of tens of thousands of pages of documents); *In re NASDAQ Market-Makers Antitrust Litig.*, 187 F.R.D. 465, 489 (S.D.N.Y. 1998) (awarding 3.97 multiplier and noting that multipliers between 3 and 4.5 have become common); *Di Giacomo v. Plains All Am. Pipeline*, Nos. Civ.A.H-99-

4137, Civ.A.H-99-4212, 2001 WL 34633373, at *3, *11 (S.D. Tex. Dec. 19, 2001) (endorsing multiplier of 5.3 despite no depositions being taken and most of the discovery was informal or documentary); *see also Vizcaino v. Microsoft Corp.*, 290 F.3d 1043, 1051 (9th Cir. 2002) (affirming multiplier of 3.65 to compensate class counsel for risk of taking the case); *Roberts v. Texaco, Inc.*, 979 F. Supp. 185, 197-98 (S.D.N.Y. 1997) (approving multiplier of 5.5 in what the court described as risky and hard fought litigation); *In re Interpublic Sec. Litig.,* 2004 WL 2397190, at *12 (S.D.N.Y. Oct. 26, 2004) (awarding multiplier of 3.96); *In re WorldCom, Inc. Sec. Litig.*, 388 F. Supp.2d 319, 353 (S.D.N.Y. 2005) (awarding 4 multiplier). A further survey of such pattern and range supports Counsel's fee request. *See* Exhibit "F".

By any measure the settlement was an excellent result for the class. And while it is true that Class Counsel's requested fee is large, it is their success in litigating the cases, negotiating settlement and executing the outcome that creates a fee of such size. By either percentage of cash fund or cross-check of work and expenses incurred, the requested fee is fair.

JAMES RYALS, JR., et al.,

_____/s/_____
Leonard A. Bennett VSB #37523
Susan M. Rotkis VSB #40693
CONSUMER LITIGATION
ASSOCIATES, P.C.
763 J. Clyde Morris Blvd. Suite 1A
Newport News, VA 23601
(757) 930-3660 – Telephone
(757) 930-3662 – Facsimile
lenbennett@clalegal.com

Matthew J. Erausquin
CONSUMER LITIGATION
ASSOCIATES, P.C.
1800 Diagonal Rd. Suite 600
Alexandria, Virginia 22314
(703) 273-6080
(888)-892-3512
matt@clalegal.com

Christopher Colt North
751-A Thimble Shoals Blvd.
Newport News, VA 23606
(757) 873-1010
cnorthlaw@aol.com

Michael D. Donovan, Esq.
Noah Axler, Esq.
DONOVAN SEARLES & AXLER, LLC
1845 Walnut Street, Suite 1100
Philadelphia, PA  19103
(215) 732-6067 – Telephone
(215) 732-8060 – Facsimile
mdonovan@donovanaxler.com
naxler@donovanaxler.com

Dennis Michael O'Toole
Anthony Rocco Pecora
Matthew Anderson Dooley
STUMPHAUZER, O'TOOLE, MCLAUGHLIN,
MCGLAMERY & LOUGHMAN
5455 Detroit Rd.
Sheffield Village, Ohio 44054
(440) 930-4015
dotoole@sheffieldlaw.com
mdooley@sheffieldlaw.com
apecora@sheffieldlaw.com

James A. Francis
Erin A. Novak
FRANCIS & MAILMAN, P.C.
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
(215) 735-8600

7

Sharron M. Dietrich
Nadia Hewka
COMMUNITY LEGAL SERVICES, INC.
1424 Chestnut Street
Philadelphia, PA 19102
(215) 981-3719

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of November, 2011, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send notification of such filing (NEF) to the following:

Amy Rachel Davis
Williams & Connolly LLP
725 12th St NW
Washington, DC 20005
202-434-5000
Fax: 202-434-5029
Email: adavis@wc.com

Dane Hal Butswinkas
Williams & Connolly LLP
725 12th St NW
Washington, DC 20005
(202) 434-5000

Daniel Patrick Shanahan
Williams & Connolly LLP
725 12th St NW
Washington, DC 20005
 (202) 434-5174
Fax: (202) 434-5029
Email: dshanahan@wc.com

Frank G Bowman
Williams & Connolly LLP
725 Twelfth Street, N.W.
Washington, DC 20005
202-434-5000
Fax: 202-434-5029
Email: fbowman@wc.com

_____/s/_____

Leonard A. Bennett
Attorney for Plaintiffs
CONSUMER LITIGATION
ASSOCIATES, P.C.
763 J. Clyde Morris Blvd. Suite 1-A
(757) 930-3660 – Telephone
(757) 930-3662 – Facsimile