# DONOVAN AXLER, LLC

ATTORNEYS AT LAW
1845 WALNUT STREET
SUITE 1100
PHILADELPHIA, PA 19103
(215) 732-6067
FAX (215) 732-8060
www.donovanaxler.com

MICHAEL D. DONOVAN
mdonovan@donovanaxler.com

November 7, 2011

Re:  *James Ryals, Jr., et al. v. HireRight Solutions, Inc., et al.*
Case No. 3:09cv625
*Bahir Smith, et al. v. HireRight Solutions, Inc., et al*
Case No. 09-6007
*O'Neil Henderson ,et al. v. HireRight Solutions, Inc., et al*
Case No. 10-00459

## STATEMENT FOR LEGAL SERVICES RENDERED

| | |
|---|---|
| July & August 2009 | Discussion of potential case and telephone conference w/ JF regarding case; emails and exchange of documents with co-counsel and research causes of action. |

1.00 Hours (MDD)
3.80 Hours (DAS)

| | |
|---|---|
| September 2009 | Further research on possible causes of action – Fair Credit Reporting Act; review file, meet with co-counsel SD at CLS to discuss potential case; review of documents and case research; telephone conference calls with S. Dietrich, J. Ginsberg.  Review and respond to e-mails and correspondence with co-counsel. |

6.00 Hours (MDD)
4.30 Hours (DAS)
4.90 Hours (CCK)

| | |
|---|---|
| October 2009 | Work on draft co-counseling agreement, retainer agreement, forward to co-counsel; complete final agreements; prepare for meeting with client and counsel; review documents, telephone call to co-counsel re: case; review of statute for possible claims, continued FCRA research; review and respond to e-mails and correspondence. |

5.00 Hours (MDD)
3.50 Hours (DAS)
4.00 Hours (CCK)

| | |
|---|---|
| November 2009 | Meet with co-counsel SD & JF at CLS to discuss case; meet w/ client, JF & SD at CLS for case explanation and client intake; meeting with JF after re: |

DONOVAN AXLER, LLC

case; review all client documents and case intake; further work on co-counseling agreement; work on draft complaint; continued research on FCRA and causes of action; review background of defendants; review statutory provisions; review and respond to e-mails and correspondence.

10.00 Hours (MDD)
12.50 Hours (DAS)
 9.80 Hours (CCK)

December 2009    Revise class action complaint and forward to co-counsel for review; meetings, emails, and telephone calls with SD & JF re: case preparation, selection of claims, theory of liability and drafts of the complaint; review all client documents and summaries prepared by CLS; draft Henderson complaint.

9.00 Hours (MDD)
5.30 Hours (DAS)
3.20 Hours (CCK)

January 2010    Continued work on draft complaints; Emails and conference calls with co-counsel re: Henderson complaint; review various emails re: case; email to defense counsel in response to letters.

3.50 Hours (MDD)
4.70 Hours (DAS)
2.20 Hours (CCK)

February 2010    Review, revise and finalize *Henderson* complaint; telephone conferences with co-counsel JF and SD; FCRA research.

2.00 Hours (MDD)
1.30 Hours (DAS)
1.20 Hours (CCK)

March 2010    Review defendants' Motion to Dismiss; read cases cited; review and respond to e-mails and correspondence.

5.50 Hours (MDD)
2.20 Hours (CCK)

April 2010    Review defendants' Motion to Dismiss; draft intro and portions of brief in opposition to Motion to Dismiss; draft and file motion for extension; telephone calls with SD and JF re: Motion to Dismiss; telephone calls with and emails to defense counsel re: Motion to Dismiss, draft stipulation on briefing schedule; telephone conference calls with co-counsel; research re: arguments raised by defendants; draft stipulation with defendants and file same; research re: legal arguments on venue transfer; review and respond to

DONOVAN AXLER, LLC

e-mails and correspondence.

15.90 Hours (MDD)
25.50 Hours (DAS)
11.40 Hours (CCK)

May 2010         Review motion to transfer venue; research re: legal arguments on venue
                 transfer; draft, edit and revise Plaintiff's MOL in response and opposition to
                 defendants' Motion to Transfer Venue; review cited cases; meetings with JF;
                 research re: legal arguments on venue transfer; review and respond to e-mails
                 and correspondence

                 18.80 Hours (MDD)
                 26.20 Hours (DAS)
                  9.90 Hours (CCK)

June 2010        Review Court's decision on transfer motion; draft proposed case management
                 plan and circulate to co-counsel; emails and telephone calls with co-counsel
                 and defense counsel; review and respond to e-mails and correspondence.

                 2.20 Hours (MDD)
                 1.90 Hours (DAS)

July 2010        Revise proposed case management plan and forward to defense counsel;
                 review notices from ND OK, review dockets, telephone call to clerk of Court
                 re: admission, review local rules re: same, review assigned Judge, email to co-
                 counsel re: deadlines;  review and start work on revising draft document
                 requests; telephone calls and emails w/ JF re: discovery materials and
                 document requests; emails and correspondence with co-counsel and defense
                 counsel re:  case posture and scheduling; review answer by defendant; draft
                 *pro hac vice* motion; draft motion to transfer and coordinate *Smith* and
                 *Henderson* cases; review and reply to email from local counsel re: same;
                 research re: cases from Judge on issue; review Court order re: admission;
                 continue work on draft motion to coordinate; finalize and file motion to
                 coordinate.

                 11.30 Hours (MDD)
                 18.20 Hours (DAS)
                 16.50 Hours (CCK)

August 2010      Review Court order re: joint status report, access form from Court's website,
                 begin draft report; telephone conference call with defense counsel re: status
                 report; research re: bifurcated discovery issues raised by defendant; review
                 orders on *pro hac vice* motions; review documents for disclosures and
                 defendants' document requests; draft, edit, revise interrogatories and
                 document requests to defendants; work on initial disclosures and document

production; draft letter to client re: ADR; finalize discovery requests, initial disclosures and documents to be produced to defendants, bate stamp and mail; research re: circuit opinion on FCRA willfulness; telephone calls, emails, and correspondence with co-counsel; review motions and joint status report filed by defendant; review Court order; review related matters pending in other courts.

12.90 Hours (MDD)
19.70 Hours (DAS)
19.00 Hours (CCK)

September 2010    Telephone call w/JF re: related case; review complaint and dockets; emails re: status of case and need for conference; prepare for and participate in conference calls regarding related case; telephone calls to defense counsel re: status and discovery issues; telephone calls and emails w/ L. Benett; review proposed protective order; prepare for and attend meetings with co-counsel re: possible mediation proceedings; begin review of documents provided for mediation; hold pre-mediation meeting at firm w/ JF, LB and Ohio counsel; telephone conference call w/JG, JF and SD; telephone call to local counsel re: status; telephone conference calls w/JF and LB re: mediation.

12.10 Hours (MDD)
17.30 Hours (DAS)
15.90 Hours (CCK)

October 2010      Review proposed protective order, make changes and edits; telephone conference calls among co-counsel; review mediation document requests and defendants' reply;  review file and discovery produced to date in preparation for mediation; review defendants' insurance policies, research re: relevant legal issues; travel to DC for mediation; meet with co-counsel and *Ryals* counsel in preparation for mediation; review mediation statement; research re: relevant case law; review motion for reconsideration and begin formulation of response; meet with co-counsel, attend mediation session, post-meeting and post-mediation discussion with co-counsel; return trip to Philadelphia; meet with S. Dietrich re: results of mediation; emails to co-counsel re: outcome of mediation; telephone call to local counsel re: procedural issues; review and reply to emails re: status of negotiations; review revised consent order; review and reply to emails re: mediation scheduling; review revised protective orders from defense counsel and compare to Court's recommended form.

26.20 Hours (MDD)
54.90 Hours (DAS)
27.20 Hours (CCK)

DONOVAN AXLER, LLC

| | |
|---|---|
| November 2010 | Research re: class certification issues; telephone calls and emails with counsel re: protective order; review and reply to emails re: resumption of mediation; review and reply to emails re: document production; review and reply to emails re: meeting and mediation strategy; review materials in preparation for and participate in conference call with co-counsel re: mediation preparation; mediation preparation and travel to DC with co-counsel, discuss strategy, meet other co-counsel in preparation for mediation; attend mediation; post-mediation meeting with co-counsel; review emails and phone calls with LB/SD/JG/RF/JF re: procedure changes, status of case, and (joint) status report. |

19.40 Hours (MDD)
35.30 Hours (DAS)
22.00 Hours (CCK)

| | |
|---|---|
| December 2010 | Prepare for and participate in telephone conference call among counsel re: mediation status; continued settlement negotiations with mediator; review draft proposal from S. Dietrich and documents re: court procedures on expunged records; telephone conference call among plaintiffs' counsel and then with Mr. Green re: mediation process; revise draft MOU; email to all counsel re: same; review and reply to emails re: call from mediator. |

3.70 Hours (MDD)
6.00 Hours (DAS)
2.10 Hours (CCK)

| | |
|---|---|
| January 2011 | Telephone conference calls among counsel re: status; review emails and reply re: counsel meeting mediation issues; meet with co-counsel in preparation for mediation; attend mediation session in DC and return to Philadelphia; discuss tentative settlement terms with M. Donovan; draft motion to transfer and consolidate; draft MOU based on term sheet from mediation and circulate to co-counsel; review emails re: transfer motion, class list, CAFA notice; telephone calls with JF re: settlement agreement; work on draft settlement agreement; draft joint status report, forward to defense counsel; revisions to draft settlement agreement, forward to JF; review proposed preliminary and final approval orders, claim form; email to co-counsel; telephone call to J. Francis re: settlement documents. |

29.20 Hours (MDD)
40.50 Hours (DAS)
15.10 Hours (CCK)

| | |
|---|---|
| February 2011 | Continued work on settlement agreement and draft settlement notices; review and reply to emails re: settlement agreement; telephone calls w/ JF re: notice documents and status of documentation; emails w/ M. Dooley re: claims spreadsheet; review case summaries for various plaintiffs for settlement |

purposes.

5.90 Hours (MDD)
8.10 Hours (DAS)
8.00 Hours (EG)
5.40 Hours (CCK)

March 2011     Meet with co-counsel to discuss and start research re: 4th Circuit law on
approval of class settlements; review draft settlement agreement from DS;
continue work on revisions to draft settlement agreement; research re: opt out
provisions, work on settlement issues - revisions to settlement agreement;
review and reply to emails and calls re: settlement administration issues; calls
w/ SD re: settlement terms and change in practices; respond to queries from
potential settlement administrators re: details of administration; revise draft
request for proposal and forward to the potential settlement administrators;
review and reply to emails from JF and settlement administrators; telephone
conference w/ plaintiffs' counsel re: settlement process and strategy;
telephone calls and emails w/ JF re: drafts of settlement documents; review
spreadsheet with class settlement amounts; review emails re: various
settlement issues; revise draft settlement agreement; review bids for
settlement administration; prepare for and meet with J. Francis re: settlement
terms; revisions to settlement agreement draft; meeting w/ JF and MM re:
case status; call from F. Barkan re: RSM proposal for settlement
administration; draft brief in support of motion for preliminary approval;
work on status report to N.D. Oklahoma; calls w/ JF and SD re: settlement
agreement draft status.

29.90 Hours (MDD)
34.90 Hours (DAS)
 1.10 Hours (NA)
 8.40 Hours (CCK)

April 2011     Review emails re: settlement documents; draft brief in support of motion for
preliminary approval; research re: 4th Circuit standards for assessing fairness
of class action settlement; revise brief in support of preliminary approval of
settlement, check citations; telephone calls with potential settlement
administrators; review emails re: scheduling issues; review and revise draft
motion for preliminary approval, forward to co-counsel; calls w/ JF re status
of various issues; review email correspondence with local counsel re: *pro hac
vice* motions in Oklahoma actions; review settlement draft; emails w/ LB
about draft; emails with Oklahoma counsel re: case status; call w/ F. Barkan
re:  settlement administration; meeting of DAS/MDD/NA regarding choice of
settlement administrator; review and evaluate additional administrator
proposals; email to LB re: settlement administration.

17.00 Hours (MDD)

DONOVAN AXLER, LLC

     8.60 Hours (DAS)
    12.90 Hours (NA)
     5.40 Hours (CCK)

May 2011        Conference b/w MDD/NA re: status of settlement negotiations, emails w/ DAS re: settlement issues; draft joint status report and correspond via email re: same with co-counsel and opposing counsel.

     2.00 Hours (MDD)
     2.00 Hours (NA)
     1.10 Hours (CCK)

June 2011      Review settlement agreement and send proposed changes to co-counsel via email.  Draft proposed objector language.  Review changes to settlement agreement and L. Bennett email; review Bennett's 8 issues with the changes HireRight made; review practice changes section; telephone conference w/ co-counsel; review emails with the settlement administrator; review SD's email re: implementing the settlement agreement; review LB's latest edits/revisions to settlement agreement.

    14.50 Hours (MDD)
     1.90 Hours (NA)
     1.50 Hours (CCK)

July 2011      Review preliminary approval papers and correspond with co-counsel re: transfer of Oklahoma actions.

     2.00 Hours (MDD)
     1.60 Hours (NA)
     1.00 Hours (CCK)

August 2011    Calls w/ class members; co-counsel and other lawyers re: settlement, objections, opt-outs, briefing, etc.

    10.00  Hours (MDD)

September 2011  Calls w/ class members; CLS; pro hac materials; other lawyers and trucking employees.

    15.00  Hours (MDD)

October 2011   Calls w/ class members and other lawyers about terms of settlement; opt-out; recovery; objections.  Emails with co-counsel re: time submission for fee petition; Revise final approval brief.

    15.50 Hours (MDD)

DONOVAN AXLER, LLC

November 2011    (Estimated) Preparation for the final approval hearing; review of final
                approval motion; prepare for meeting before hearing; travel to and attend final
                approval hearing and back to Philadelphia.  Research standards for fee awards
                and cross-checks and confer w/ co-counsel re: same.

                    2.00 Hours (MDD)
                    15.00 Hours (NA)
                    2.00 Hours (CCK)


**TOTAL FEES:**

**873.90 hours @ Firm's hourly rates**
**($500-$700 for attorneys and $215 - $250 for law clerk/paralegal)**        <u>**$491,776.00**</u>



**Costs:**
        Reproduction/Copies                                         $160.50
        Courier                                                     $9.90
        Postage                                                     $18.40
        WestLaw                                                     $4,675.00
        Travel, Food, Lodging                                       $4,196.75
        Filing/Pro Hac Fees                                         <u>$450.00</u>

**TOTAL COSTS:**                                                    <u>**$9,510.55**</u>

**TOTAL FEES & COSTS:**                                             <u>**$501,286.55**</u>

# *DONOVAN SEARLES & AXLER, LLC*

1845 Walnut Street, Suite 1100
Philadelphia, PA 19103
Phone 215-732-6067
Fax 215-732-8060
www.donovansearles.com

Michael D. Donovan, Esquire                                  David A. Searles, Esquire
mdonovan@donovansearles.com                                  dsearles@donovansearles.com

Noah Axler, Esquire
naxler@donovansearles.com

DONOVAN SEARLES & AXLER, LLC, located in Philadelphia, Pennsylvania, is a law firm dedicated to providing first class litigation services to investors, consumers and small businesses. The firm's principals have substantial trial and appellate court experience prosecuting complex commercial and consumer cases. The members of the firm have appeared or argued before the United States Supreme Court, various federal and state appellate courts, the state Supreme Courts of New Jersey and Pennsylvania and federal and state trial courts throughout the country. The firm's nationwide practice focuses on class actions, shareholders' rights, consumer and commercial litigation as well as employment-related disputes. The firm strives to provide consumers, investors and small businesses with the type of sophisticated, in-depth representation that is ordinarily available only to the largest corporate clients of money-center law firms.

MICHAEL D. DONOVAN, a founding member of the firm, is admitted to practice before the Supreme Court of the United States, the United States Courts of Appeals for the Second, Third, Eighth, Ninth and Tenth Circuits, the United States District Court for the Eastern District of Pennsylvania, the United States District Courts for the Southern and Eastern Districts of New York as well as the state courts of Pennsylvania and New York and the courts of Washington, D.C. He is a graduate of Vermont Law School (J.D. cum laude 1984) and Syracuse University (A.B. 1981). He was the Head Notes Editor and a staff member of the VERMONT LAW REVIEW from 1982 through 1984. While on the LAW REVIEW, he authored Note, Zoning Variance Administration in Vermont, 8 VT. L. REV. 370 (1984). Following graduation from law school, Mr. Donovan was an attorney with the Securities and Exchange Commission in Washington, D.C., where he prosecuted numerous securities cases and enforcement matters, including injunctive and disciplinary actions against public companies, broker/dealers and accounting firms. Mr. Donovan has authored "Rigorous Analysis of the Class Action Burden of Proof," ABA

Newsletter of the Class Action and Derivative Suits Committee, Spring 2007, and co-authored Preserving Judicial Recourse for Consumers:  How to Combat Overreaching Arbitration Clauses, 10 LOYOLA CONSUMER L. REV. 269 (1998); "The Overlooked Victims of the Thrift Crisis," Miami Review, Feb. 13, 1990; and "Conspiracy of Silence:  Why S&L Regulators Can't Always Be Trusted," Legal Times, Feb. 5, 1990.

Mr. Donovan has served as co-lead counsel in the following securities class actions:  In re Sunterra Corp. Securities Litigation, No. 6:00-cv-79-Orl-28B (M.D. Fla. 2005) (settled for $5,450,000); In re: Worldport Communications, Inc. Securities Litigation, No. 1-99-CV-1817-CC (N.D. Ga. 2001) (settled for $5,100,000); Lines v. Marble Financial Corp., Nos. 90-23 and 90-100 (D. Vt. 1991)(settled for $2 million together with substantial changes to the company's loan loss reserve procedures); Jones v. Amdura Corp., No. 90-F-167 (D. Colo. 1991) (action against directors settled for $4,962,500 and against company after bankruptcy for $1.2 million); In re Columbia Shareholders Litigation (Del. Ch. 1991)(merger case settled for $2 per share increase in amount paid to shareholders); Rosen v. Fidelity Investments, [1995-1996] Fed. Sec. L. Rep. ¶ 98,949 (E.D. Pa. Nov. 28, 1995) (opinion certifying class of mutual fund purchasers); Selis v. KTI, Inc., No. 2:00 CV 1478 (JCL) (D.N.J. 2000) (settled for $3.8 million).  In addition, Mr. Donovan has had a substantial role in the prosecution of the following cases, among others:  In re Trustcorp Securities Litigation, No. 3:89-CV-7139 (N.D. Ohio 1990) (settled for $5,600,000); Moskowitz v. Lopp, 128 F.R.D. 624 (E.D. Pa. 1989) (opinion certifying class of stock and option purchasers in fraud on the market and insider trading case); In re Hercules Corporation Securities Litigation, No. 90-442 (D. Del. 1992) (settled for $17.25 million).

In the area of consumer justice, Mr. Donovan has argued before the Supreme Court of the United States in Smiley v. Citibank (South Dakota), N.A., No. 95-860, 116 S. Ct. 806 (argued Apr. 24, 1996) and obtained favorable appellate rulings from the New Jersey Supreme Court in Sherman v. Citibank (South Dakota), N.A., 668 A.2d 1036 (N.J. 1995) and Hunter v. Greenwood Trust Co., 668 A.2d 1067 (N.J. 1995) and from the Pennsylvania Superior Court in In re Citibank Credit Card Litigation, 653 A.2d 39 (Pa. Super. 1995) and Gadon v. Chase Manhattan Bank, N.A., 653 A.2d 43 (Pa. Super. 1995).  Recently, Mr. Donovan obtained a landmark Truth in Lending Act decision from the Court of Appeals for the Third Circuit in Rossman v. Fleet Bank (R.I.), N.A., 280 F.3d 384 (3d Cir. 2002), holding that a bank may not change a credit card promise of no annual fee.  He also obtained landmark decisions from the Appellate Division of the New Jersey Superior Court and the New Jersey Supreme Court in Lemelledo v. Beneficial Finance Co., 674 A.2d 582 (N.J.

App. Div. 1996), <u>aff'd</u>, 150 N.J. 255, 696 A.2d 546 (N.J. 1997), concerning loan and insurance packing.

In May 2005, Mr. Donovan tried to jury verdict a Pennsylvania statewide consumer class action against Kia Motors America, Inc., concerning the defective brake system on the 1997-2000 models of the Kia Sephia automobile.  After a two-week trial, the jury returned a verdict of $600 per class member, for an aggregate classwide verdict of $5.4 million. <u>Samuel-Bassett v. Kia Motors America, Inc.</u>, 2006 WL 3949458 (Pa. Com. Pl. Dec. 28, 2006) (denying post-trial motions of defendant).  In October 2007, the Pennsylvania Superior Court affirmed the judgment, and in February 2008 it affirmed the award of $4.4 million in attorney fees and expenses.

In September and October 2006, Mr. Donovan tried to jury verdict a Pennsylvania statewide employee class action against Wal-Mart Stores, Inc., concerning Wal-Mart's failure to pay its hourly employees for missed breaks and off-the-clock work.  After a six-week trial, the jury returned a verdict for the Class in the amount of $78.4 million.  In October 2007, the Court awarded an additional $62 million in liquidated damages under the Pennsylvania Wage Payment and Collection Law, $10.2 million in prejudgment interest and approximately $46 million in attorney fees and costs. <u>See</u> <u>Braun v. Wal-Mart Stores, Inc.</u>, 2005 WL 3623389 at *5 - *7 (Pa. Com. Pl. Dec. 27, 2005)(opinion certifying class).

In May and June 2008, Mr. Donovan tried to jury verdict a New Jersey statewide class action against Kia Motors America, Inc., concerning the defective brake system on the 1997-2000 models of the Kia Sephia automobile.  After a five-week trial, the jury returned a verdict of $750 per class member, for an aggregate classwide verdict of approximately $6.0 million. <u>Little v. Kia Motors America, Inc.</u>, No. UNN-L-0800-01006 (N.J. Super. (Union Cty.) verdict entered June 6, 2008).

Mr. Donovan has provided testimony before the United States Senate Committee on Banking, Housing and Urban Affairs (Jan. 25, 2007) concerning the CARD Act and before the House of Representatives Subcommittee on Commercial and Administrative Law, Committee on the Judiciary, concerning the Arbitration Fairness Act (Apr. 29, 2009).  He also has appeared as a panel speaker and presenter at the American Bar Association' s National Class Action Institute, the Pennsylvania Bar Institute's Banking Law Update, the Practicing Law Institute's Financial Services Litigation Forum, the Consumer Credit Regulation Forum of the New Jersey Bar Association, and the National Consumer Rights Litigation Conference sponsored by the National Consumer Law Center.  Mr. Donovan is a member of the American Bar

Association (Litigation and Business Law Sections), the Pennsylvania Bar Association, the New York Bar Association, and the District of Columbia Bar Association. He is the Chair of the Consumer Law Subcommittee of the ABA Litigation Section's Class Actions and Derivative Suits Committee. He is also the former Vice Chair of the National Association of Consumer Advocates and an active member of Public Justice. He received the 2009 Vern Countryman Award for Excellence in Consumer Law awarded by the National Consumer Law Center and was a 2007 Trial Lawyer of the Year Finalist recognized by Public Justice.

DAVID A. SEARLES, a former founding member of the firm, is admitted to practice before the Supreme Court of the United States, the United States Courts of Appeals for the Third Circuit and the Fourth Circuit, and the United States District Court for the Eastern District of Pennsylvania, as well as the state courts of Pennsylvania. He is a 1975 graduate of the American University School of Law, Washington, D.C., where he served on law review. Following graduation from law school, Mr. Searles was an attorney for Community Legal Services of Philadelphia, where he specialized in consumer and bankruptcy law. In 1990, he successfully argued the first consumer reorganization bankruptcy case considered by the U.S. Supreme Court, Pennsylvania v. Davenport, 495 U.S. 552 (1990), and has served as lead counsel and presented argument in numerous consumer law cases before the United States Court of Appeals for the Third Circuit, including Piper v. Portnoff Law Associates, Ltd., 396 F.3d 227 (3d Cir. 2005); Colbert v. Dymacol, Inc., 344 F.3d 334 (3d Cir. 2003); In re Colon, 941 F.2d 242 (3d Cir. 1991); Smith v. Fidelity Consumer Discount Company, 898 F.2d 896 (3d. Cir. 1990); In re Szostek, 886 F. 2d 1405 (3d Cir. 1989); Whittaker v. Philadelphia Electric Company, 882 F.2d 791 (3d Cir. 1989); Watts v. Pennsylvania Housing Finance Agency, 876 F.2d 1090 (3d Cir. 1989); Crossley v. Lieberman, 868 F. 2d 566 (3d Cir. 1989); Abele v. Mid-Penn Consumer Discount Company, 77 B.R. 460 (E.D. Pa. 1987), aff'd 845 F.2d 1009 (3d. Cir. 1988); Washington v. Heckler, 756 F.2d 959 (3d. Cir. 1985). From 1992 through 1997, Mr. Searles was associated with the Philadelphia law firm of Drinker Biddle & Reath LLP, where his practice focused on Chapter 11 bankruptcy and creditor's rights.

In September 2007, Mr. Searles co-counseled a bench trial to verdict in a Pennsylvania statewide consumer class action against a real estate tax collection law firm and its owner for their improper collection of attorneys' fees, charges and interest. After a ten day trial, the court returned a verdict for the class in the amount of $5.2 million. Roethlein v. Portnoff Law Associates and Michelle R. Portnoff, Esq., Nov. Term 2002, No. 3888 (C.P. Phila. March 11, 2008).

In June 2005, Mr. Searles was awarded the Equal Justice Award at the Community Legal Services Breakfast of Champions for his role in directing funding for legal assistance for low-income residents of Philadelphia.

Mr. Searles was the Managing Editor, <u>Survey of State Class Action Law</u> (ABA Section on Litigation), 2009, and is a contributing author of <u>Pennsylvania Consumer Law</u> (2009). Along with Mr. Donovan, he co-authored <u>Preserving Judicial Recourse for Consumers: How to Combat Overreaching Arbitration Clauses</u>, 10 LOYOLA CONSUMER L. REV. 269 (1998). He is the author of "Tips In Handling Individual Bankruptcy Cases," Pennsylvania Bar Association Quarterly, January 1997. He has taught advanced bankruptcy law at Rutgers University School of Law - Camden, business law at Widener University and bankruptcy law at Pierce Junior College, Philadelphia. He is a past co-chairperson of the Education Committee of the Eastern District of Pennsylvania Bankruptcy Conference.

Among other cases, Donovan Searles has been approved as class counsel in the following recent class actions: <u>Chakejian v Equifax Information Services, LLC</u>, 256 F.R.D. 492 (E.D. Pa. 2009); <u>Barel v. Bank of America</u>, 255 F.R.D. 393 (E.D. Pa. 2009); <u>Markocki v. Old Republic National Title Ins. Co.</u>, 254 F.R.D. 242 (E.D. Pa. 2008); <u>Strausser v. ACB Receivables Management, Inc.</u>, 2008 WL 859224 (E.D. Pa. Mar. 28, 2008); <u>Allen v. Holiday Universal, Inc.</u>, 249 F.R.D. 166 (E.D. Pa. 2008); <u>Cohen v. Chicago Title Insurance Company</u>, 242 F.R.D. 295 (E.D. Pa. 2007); <u>Jordan v. Commonwealth Financial Systems, Inc.</u>, 237 F.R.D. 132 (E.D. Pa. 2006); <u>Braun v. Wal-Mart Stores, Inc.</u>, 2005 WL 3623389 (Pa.Com.Pl. Dec. 27, 2005); <u>Perry v. FleetBoston Financial Corp.</u>, 229 F.R.D. 105 (E.D. Pa. 2005); <u>Beck v. Maximus, Inc.</u>, 2005 WL 589749 (E.D. Pa. March 11, 2005); <u>Stoner v. CBA Information Services</u>, 352 F.Supp.2d 549 (E.D. Pa. 2005); <u>Orloff v. Syndicated Office Systems, Inc.</u>, 2004 WL 870691 (E.D. Pa. April 22, 2004); <u>Petrolito v. Arrow Financial Services, LLC</u>, 221 F.R.D. 303 (D. Conn. 2004); <u>Piper v. Portnoff Law Associates, Ltd.</u>, 216 F.R.D. 325 (E.D. Pa. 2003); <u>Bonett v. Education Debt Services, Inc.</u>, 2003 WL 21658267 (E.D. Pa. 2003); <u>Samuel-Bassett v. Kia Motors America, Inc.</u>, 212 F.R.D. 271 (E.D. Pa. 2000), <u>vacated on other grounds</u>; <u>Oslan v. Law Offices of Mitchell N. Kay</u>, 232 F. Supp. 2d 436 (E.D. Pa. 2002); <u>Oslan v. Collection Bureau of Hudson Valley</u>, 206 F.R.D. 109 (E.D. Pa. 2002); <u>Saunders v. Berks Credit & Collections</u>, 2002 WL 1497374 (E.D. Pa. 2002); <u>Schilling v. Let's Talk Cellular and Wireless</u>, 2002 U.S. Dist. LEXIS 3352 (E.D. Pa. 2002); <u>Fry v. Hayt, Hayt and Landau</u>, 198 F.R.D. 461 (E.D. Pa. 2000); <u>Smith v. First Union Mortgage Corporation</u>, 1999 WL 509967 (E.D. Pa. 1999).

NOAH AXLER joined the firm in 2011, after serving as the principal in the Law Office of Noah Axler, LLC.  He is admitted to practice before the United States District Courts for the Eastern District of Pennsylvania and the District of New Jersey, as well as in the states of Pennsylvania, New Jersey, and Ohio.  He has represented plaintiffs in recent large antitrust class actions, including In re Polyester Staple Antitrust Litigation, In re Processed Egg Products Antitrust Litigation, In re Cotton Yarn Antitrust Litigation, and In re BP Propane Antitrust Litigation.

He currently represents Pennsylvania and Illinois plaintiffs in class actions which have been consolidated in MDL 2193, In re Bank of America HAMP Litigation, as well as in Craddock v. Hayt, Hayt & Landau, LLC, et al., No. 09-595 (D.N.J.); Newton v. Savit Collection Agency, No. 09-4911 (D.N.J.); Allen, et al. v. Holiday Universal, Inc., No. 05-5726 (E.D. Pa.); King, et al. v. Advance America, et al., No. 07-237 (E.D. Pa.); Smith, et al. v. National Corrective Group, Inc., C.A. No. 10-10 (N.D. Cal.); Shouse, et al. v. National Corrective Group, Inc., C.A. No. 10-175 (M.D. Pa.), among others.

Mr. Axler is a 1999 graduate of the University of Pennsylvania Law School. In 2007 and 2010, Super Lawyers and Philadelphia Magazine named him, a "Rising Star."  He has also authored a number of articles on litigation topics, including several published in The Explosion & Evolution of Class Action Law (PBI 2004).