# The Consumer & Employee Rights Law Firm, P.C.
751-A Thimble Shoals Blvd, Newport News, Virginia 23606
Telephone: (757) 873-1010, Facsimile: (757) 873-8375

Christopher Colt North, Attorney
cnorthlaw@aol.com
William L. Downing, Attorney
wdowninglaw@aol.com

Stephanie V. Miner, Paralegal,
Administrative Assistant
and Office Manager
sminerlaw@aol.com

October 10, 2011

RE: Ryals v. HireRight Case

## STATEMENT FOR LEGAL SERVICES RENDERED

| | |
|---|---|
| May 2008 | Conference with Mr. Bennett regarding response of USIS Counsel to subpoena duces tecum filed by Williams, et al in the Lexis-Nexis case including pledge to identify an appropriate plaintiff to pursue similar class action against USIS and draft detailed memorandum to file; confer and e-mail proposed Plaintiff in Houston concerning proposed claim against USIS, for preparation of inaccurate background report and his failure to receive timely notices from USIS and confer with Mr. Bennett regarding same.<br><br>1 hour. |
| August 2008 | Initial telephone conference with Matt Dooley of Stumphauser O'Toole law firm in Ohio about his litigation against USIS and draft memorandum to file.<br><br>0.5 hour |
| November 2008 | Meet with second proposed Plaintiff in Hampton, VA regarding his inaccurate HireRight report and discussion of alternatives for proceeding, review his documents and draft memorandum to file and confer with Mr. Bennett.<br><br>1 hour. |

1

| | |
|---|---|
| December 2008 | Confer with Mr. Bennett about proposed Washington DC co-counsel and draft memorandum to file. |
| | 0.5 hour |
| January 2009 | Participate in telephone conference call with proposed DC co-counsel and draft memorandum to file. |
| | 0.5 hour |
| March 2009 | Forward Lexis-Nexis pleadings to Mr. Dooley along with e-mail explaining same.  Draft detailed e-mail to Mr. Bennett and Mr. Erausquin explaining nature of my contact with the Ohio firm and how I believe we can help each other. |
| | 1.0 hour |
| May 2009 | Meet with the first two Richmond residents with claims arising out of their discharge from Greyhound in Richmond whose consumer reports were prepared by USIS, and draft detailed memorandum to Mr. Bennett concerning pros and cons of initiating class action against USIS with this potential group of approximately 10 individuals; receipt and review of e-mail from Mr. Bennett and discuss same with Mr. Bennett; meet with additional four "Greyhound" Plaintiffs and draft memos to file. |
| | 12 hours |
| July 2009 | Confer with Ohio counsel about additional class action litigation pleadings forwarded to him, draft follow-up e-mail regarding particulars; confer with Mr. Bennett and follow-up with e-mail about my efforts to work with Ohio counsel and Ohio counsel's desire to talk to him especially about the list of potential Plaintiffs that they maintain having obtained same from USIS in other litigation, draft follow-up e-mail to Mr. Bennett. |
| | 3 hours |
| August 2009 | Receipt and review of list of 130 individuals with Eastern Virginia addresses from Ohio Counsel who were the subject of consumer reports prepared by USIS resulting in a negative report being forwarded to their potential employers; receipt and review of memorandum from Mr. Bennett about alternatives for proceeding including adding new class reps from data bases provided by Ohio Counsel and possibly soliciting for individual cases based on inaccuracy; review subsequent list with 331 |

|  |  |
|---|---|
|  | Eastern Virginia local names, especially in light of 2-year statute of limitations.<br><br><u>6</u> hours. |
| September 2009 | Begin fielding telephone calls from dozens of potential class reps and draft memorandum to file for each telephone conference.  Draft detailed memorandum concerning the first 18 notable telephone conferences out of the first 50 or so conferences overall, including initial contact with Charles Taylor of Hopewell and Franklin Hill of Richmond; draft e-mail to Mr. Bennett confirming that I had conferred with 50 people; draft e-mail to Mr. Bennett identifying five Greyhound plaintiffs available to serve as class rep; draft additional memo to Mr. Bennett and Mr. Erausquin confirming that counsel had individually vetted 82 people total including Daniel Jackson of Richmond (and explaining that many people were eliminated because they did not live in the Richmond area as we anticipated that the defendant would try to move the case out of Richmond); draft e-mail to Mr. Bennett regarding Sharon Spence, the first non-felon candidate for class rep or Greyhound group; confer with Ohio Counsel and forward additional forms for their use; begin drafting Ryals v. Hireright Solutions, Inc. individual complaint; confer with Mr. Bennett regarding Complaint; finalize Complaint.<br><br><u>23</u> hours. |
| October 2009 | Draft summons cover letter forwarding lawsuit to Federal Court and Civil cover sheet in Ryals v. HireRight Solutions.  Begin drafting individual Spence v. USIS to be filed in Eastern District of Virginia, Richmond Division; update Mr. Dooley on the number of class reps identified and signed up.  Confer with Mr. Bennett about the prohibition of participating in competing class actions after speaking with Wisconsin Plaintiff's Counsel about his potential class claim against HireRight; confer with Mr. Bennett about Ryals and Spence cases vis a vis potential suit for McIlwain and, whether to file individual cases or Class Complaints; draft and file papers to dismiss Spence lawsuit without prejudice.  Discussion with Mr. Bennett of significance of fact Ms. Spence never filed her dispute because she could not get through on the toll-free number to USIS because the menu is confusing if you do get through according to others.  Continue to field phone calls from another two dozen individuals.<br><br><u>16</u> hours. |
| November 2009 | Draft dispute letter for Sharon Spence and confer with her about how to process it.  Continue fielding calls from dozens of prospective class reps |

3

|   |   |
|---|---|
|   | for whom the two year statute of limitations has not yet expired. And draft memos to file regarding conversations. |
|   | <u>6 </u>hours |
| December 2009 | Receipt and review a list of 239 Eastern Virginia individuals for whom HireRight prepared negative reports in February 2008 and attempt to contact many of those individuals who live in the Richmond area; Confer with Mr. Bennett about target of 30 class reps.  Receipt and review of e-mail exchange between Mr. Bennett and Mr. Erausquin about venue.  Continue to interview potential class reps on the telephone.  Research regarding issue of statutory damages in FCRA cases (per violation or per action as in FDCPA).  Additional research regarding statutory damages.  Drafting office memo on statutory damages – per violation vs. per action.  Review and revise memo regarding statutory damages; research issues of whether under the FCRA punitive damages are recoverable in the absence of actual damages.  Additional research on punitive damages issue, including *Safeco* decision draft office memo regarding the same. |
|   | <u>28 </u>hours. |
| January 2010 | Receipt and review of additional list of potential class reps and pleading forms from Mr. Bennett including two Smith FCRA complaints and confer with Mr. Bennett regarding same.  Continue screening potential class reps; confer with Mr. Bennett and review e-mails between Mr. Bennett and Mr. Erausquin; review additional list of potential class reps and drafting file memos.  Continue to screen them on the telephone.  Receipt and review proposed joint prosecution agreement and review e-mails between Ohio and Virginia counsel regarding same.  Receipt and review of e-mail from Ohio regarding some of their individual inaccuracy cases pending against USIS and their status and comparing them to the Hall case which they had already resolved.  Discuss with Ohio Counsel their prior dealings with Mr. Fleagle.  Begin drafting Amended Class Complaint in Ryals; continue conferring with potential class representatives including signing up James E. Shivers, Calvin Turner, Ray L. Campbell, Leslie Childs, and Carter Corbett and Edwin Childs (no relation).  Continue interviewing prospective class reps including Ruben A. Fuentes.  Continue work on Amended Complaint including Hill and McIlwain who were mistakenly included in the original draft as having EB claims and had to be removed from that Count at the draft stage assuring that we have at least one Plaintiff for each count.  File Amended Class Complaint and initiate service. Research whether multiple listings of the same convictions, etc., in a consumer report will render it "inaccurate".  Additional research and drafting memo regarding multiple reporting of the same convictions in a consumer report.  Review HireRight's 25-page |

|  |  |
|---|---|
|  | background check on Craig Cooper and review HireRight and USIS websites. Draft memo regarding above; research whether reporting of obsolete arrest information is a violation of the 1681c when it related to a conviction for which there is no time limit on reporting. Complete memo regarding Cooper and Gibson's claims against HireRight; several e-mails to and from LAB. Assist with revisions to Amended Complaint in Ryals v. HireRight; e-mail to Mr. Bennett regarding Amended Complaint.<br><br>45 hours |
| February 2010 | Receipt and review of letter from Brown & Brown insurance complaining that they were improperly served with a copy of the suit against USIS, Inc. which they claim is a subsidiary of their firm; investigate and confer and conclude that they registered agent for USIS, Inc is also the registered agent for the company now known as HireRight and the company affiliated with Brown & Brown, and the registered agent made the mistake; draft letter to representative of Brown & Brown after telephone conference with her. Identification of the proper Defendant who has the same registered agent; draft follow-up letter to Ms. Long of Brown & Brown explaining what occurred and asking her to return the lawsuit to the registered agent with a request that he forward it to the correct USIS; draft letter to Sharon Spence confirming that the suit was filed on her behalf along with others asking her to contact counsel upon receipt; draft letter to Mr. Ryals confirming suit had been filed on his behalf and asking him to file a dispute and drafting the dispute letter for him. Draft dispute letter for Mr. Taylor and brief letter to him confirming suit had been filed and asking him to file a dispute with USIS.<br><br>5 hours. |
| March 2010 | Contact all 17 class reps to provide them with status report and draft memorandum to file.<br><br>2 hours. |

| | |
|---|---|
| April 2010 | Receipt and review of letter from Mr. Bowman to Mr. Bennett regarding his claim we sued the wrong corporate entities and asking us to drop one or more of the Defendants from our suit; confer with Mr. Bennett; draft detailed e-mail to Mr. Bennett regarding these issues.  Telephone conference call with Ohio counsel and Mr. Bennett and Mr. Erausquin including discussion of whether we would seek time additional time to conduct discovery under FRCP 56.  Discussion with co-counsel about possible need for affidavits.   Receipt and review of e-mails exchanged between Mr. Bennett and Mr. Bowman.  Receipt and review of a number of motions filed by the defense and discussion with co-counsel of allocating responsibilities for response; begin work on FRCP 26 (a)1 disclosures with an eye toward defeating the defendants motion to change venue.  Check criminal records of class reps to identify the ones whose inaccuracies related to driving to support efforts to keep defendant. "Explore" in the case.  Confer with co-counsel about initial pre-trial conference which was not attended by all.  Receipt and review of Scheduling Order from Court. Draft proposed declarations for seven of the named Plaintiffs who have been most cooperative after telephone conferences and in-person interviews with them.  Review of proposed declarations and revise same; continue to confer with class reps especially one who moved from the Richmond area.  Draft e-mail to Mr. Bennett and Mr. Erausquin regarding issues. Discussion of whether to include the names, cities, counties of residence, for the 100+ people that counsel spoke to in search of potential class reps with result that we decided to simply refer to the number without providing any details in declarations. Review e-mail confirming two declarations that had been prepared and forwarded and signed and received back in our office and two additional that were expected within a day or two; review and finalize seven total declarations.  Review FRCP 26(a)(1) declaration prepaid by Mr. Bennett. Prepared a list of employers and potential employers mentioned in the discussion with the named Plaintiffs and categories of damages and names of damages all addressing the venue issue.  Receipt and review of e-mail from Mr.Downing to Mr. Bennett in that regard.  Legal research regarding affirmative defenses and draft memorandum to file.<br><br><u>64 </u>hours. |
| May 2010 | Continue completing and refining a list of employers and potential employers mentioned by the declarants.  Identify additional non-party witnesses and where they lived, especially damages witnesses and all the documents obtained from Plaintiffs to list the documents by category and not make them available in 26(a)1 disclosures.  Review Mr. Bennett's May 5, 2010 letter to opposing counsel in response to his letter of the same date. Drafted am e-mail to Len May 7 |

6

      concerning the service issue. Legal research concerning how to deal with possible Court determination that the Defendant committed a negligent as opposed to a willful violation, such as in the face of such a finding seeking issue certification of the negligence finding and preserving the right to pursue individual damages and related alternatives such as the possibility of mini trials with respect to damages as opposed to class treatment of statutory and punitive damages; draft memorandum to file, and review findings with Mr. North and Mr. Bennett; research whether injunctive relief is available under the FCRA; draft memorandum to file; based on limited authority in favor of availability of injunctive relief under the FCRA, include request for injunctive relief for the class in Amended Complaint after discussion of relevant case law with Mr. Bennett. Research regarding disclosure of convictions obsolete under state lae and preemption, including recent case of Simon v. Direct TV; research regarding CRA disclosing convictions that, in terms of duration, exceed scope of the employers disclosure or application. Additional research and drafting memo regarding the same.

      <u>48.0</u> hours

June 2010     Confer with Mr. Bennett about venue issues in light of the fact that the Pennsylvania and New Jersey cases pending against HireRight in those venues were transferred to Oklahoma including possibility of filing an immediate motion for a Fourth Circuit only classcertification.. Draft memo to file. Review files of named Plaintiffs. Prepare spreadsheet summary of reported criminal record of Merriweather, Shivers, and Cooper; draft memo evaluating each Plaintiff as a representative for a possible Fourth Circuit Class. Revise Summary of class reps; draft questionnaire form for use in calling named representatives; phone calls to class reps Craig Cooper, Ruben Fuentes, attempts to call James Shivers. Phone calls to class reps James Shivers and Franklin Hill in an attempt to locate Sharon Spence. Draft memo regarding calls to named Plaintiffs with 1681i (dispute) claims; phone call from LAB; send copy of 1681i memo to LAB.

      <u>19.50</u> hours.

July 2010     Begin conferring with all 15 named Plaintiffs to prepare them for their anticipated depositions.

      <u>20</u> hours

August 2010     Receipt and review of 15 deposition notices and continue meeting with 15 named plaintiffs to prepare for scheduled depositions same. Receipt and review of defendants first set of interrogatories to each Plaintiff. Confer with opposing

7

|  |  |
|---|---|
|  | counsel regarding rescheduling pre-set depositions of certain Plaintiffs. Participate in conference call with opposing Counsel. Confer with Mr. Bennett about Mr. Epps and Mr. Turner who were not mentioned in the caption of the first paragraph of the Amended Complaint but were mentioned in the allegations of the Amended Complaint; additional discussions with opposing counsel setting deposition days and times and providing additional information about the Plaintiffs.  Review proposed pleadings seeking stay and provide missing information; continue preparing Plaintiffs for their depositions.  Confer with co-counsel about possible power point to use at anticipated private mediation to be supervised by Judge Dohnal.  Confer with Mr. Bennett about guidelines for mediation such as with whom, when, the additional information needed to proceed, etc.  Assist Donna in Mr. Bennett's office with subpoenas for 1681e(b) Plaintiffs; phone calls to Sharon Spence, Daniel Jackson, and Ed Childs.  Review USIS and HireRight documents; prepare summary of all Plaintiff's files.  Complete summaries of Plaintiff's cases' e-mails to Mr. Bennett and Mr. Erausquin; phone calls to named Plaintiffs regarding deposition notices.   Phone calls regarding named Plaintiff's availability.  Phone calls to Daniel Jackson and Craig Cooper; research class reps duties; draft outline for deposition preparation; deposition preparation of Charles Taylor by phone.  Drive to and from Richmond and meet with Daniel Jackson, James Ryals and Byron Merriweather to prepare for depositions.  Draft letters to Sharon Spence, James Shivers, and Craig Cooper; phon call to Cooper; send deposition preparation materials to each by Fed-Ex; calls to Greg Priebe, Ray Campbell and Carter Corbett.  More calls regarding deposition preparation and scheduling, including Cynthia Tyler, Byron Merriweather, Daniel Jackson.  Calls to all 15 named Plaintiffs regarding cancellations of depositions due to mediation and drafting confirmation letter.  Emails to and from Mr. Erausquin regarding claim summaries.  Prepare Cooper summary for mediation.  Gather inquiry reports and other documents identifying the trucking companies that pulled reports on named plaintiffs.  E-mail documents to Mr. Erausquin.<br><br>117 hours |
| September 2010 | Prepare bios and employment histories for Plaintiffs and descriptions of their individual damages, if any.  Reviewed Plaintiff's proposed mediation statement and the pre-mediation statement prepared by HireRight and responded to it.  Phone call to Ruben Fuentes; review and summarize inquiry reports of Daniel Jackson, email to Mr. Erausquin regarding Jackson summary.  Revised mediation summaries for Fuentes, Spence, and Jackson; draft Hill mediation summary.  Emails to Mr. Erausquin attaching all four summaries.   Gathering information about various trucking companies who made inquiries about named plaintiffs and other class members, summarizing various inquiry reports into tables.<br><br> 58 hours. |

| | | |
|---|---|---|
| October 2010 | Additional preparation for travel and participate in mediation in D.C.  Review of Fuentes background report obtained in mediation document production; phone call to Fuentes.  Additional review of HireRight's mediation statement and exhibits.  Finalize memo regarding same to Mr. Bennett.   Email to Mr. Bennett sending composite Employer Inquiry Reports.  Phone calls to Fuentes, Jackson and Cooper regarding settlement authority for individual claims; attempted to also reach Spence Shivers and E. Childs.  Letters to Fuentes, Jackson and Cooper confirming authority.  Draft mediation summary on E. Childs.   Phone call to Carter Corbett and draft memo regarding same; internet research about Lester Coggins Trucking; memo regarding James Shivers claims; internet research regarding Annett Holdings, TMC Transportation, Abilene Motor Express. | |

                                          <u>43</u> hours

December 2010      Draft memo on obsolescence claims of two plaintiffs, email same to Mr. Bennett.  Draft e-mail to Mr. Bennett regarding evaluation of named Plaintiffs.

                                          <u>2.25</u> hours

January 2011      Prepare for travel to and participate in mediation in D.C.

                                          <u>26</u> hours

May 2011      Research attorney's fees in common fund class actions.  Additional research regarding attorney fees in common fund claqss actions; search for cases applying lodestar cross check and multipliers.  Organize lodestar cross check cases and multipliers into a table.

                                          <u>21.75</u>

June 2011      Deliver status report to all the Plaintiffs including having to locate some of them.

                                          <u>5</u> hours

### COSTS

| | |
|---|---|
| Filing fee Spence v. HireRight (non-suited) | $350.00 |
| Filing fee Ryals v. HireRight | $350.00 |
| Overnight mail fees | $ 90.00 |
| Travel costs to two mediations and hotel rooms | $600.00 |

Mileage:   169 @.50.mile x4  = 678 miles                                    $339.00

Meals in DC                                                                   $ 80.00


575 hours @ $375.00 per hour ................................................................................... $215,625.00

Costs ................................................................................................................................. $1809.00

CURRENT BALANCE DUE.. ................................................................................... .. $217,434.00