IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

JAMES RYALS, JR. *et al.*,
                        Plaintiffs,

v.                                                    Civil Action No. 3:09cv625-JAG

HIRERIGHT SOLUTIONS, INC., *et al.*,
                        Defendants.

## ORDER

THIS MATTER is before the Court on the plaintiffs' motion for attorneys' fees and incentive payments (Dk. No. 108) filed October 31, 2011. Upon due consideration and in the interests of justice, the Court GRANTS the motion and awards attorneys' fees, costs, and expenses in the amount of five million nine-hundred fifty-eight thousand seven-hundred fifty dollars ($5,958,750.00), which constitutes twenty-one percent (21%) of the total settlement cash value.[1]

One of the driving forces behind the existence of class action lawsuits is their ability to make litigation more efficient, thereby producing greater assets for a class of individuals. At the same time, public policy dictates that an award of class-action attorneys' fees should induce attorneys to protect individuals who may not be able to act for themselves while preventing the filing of unmeritorious actions. *Jones, et al. v. Dominion Res. Servs, Inc., et al.*, 601 F. Supp. 2d 756, 765 (S.D. W.Va. 2009) (citations omitted). Thus, attorneys' fees must be sufficient "to ensure that competent, experienced counsel will be encouraged to undertake the often risky and

---

[1] The total amount of the common fund paid by Defendants to and for the benefit of the class is $28,375,000.00.

arduous task of representing a class . . ." and, in the end, they must reward good work. *Id.* (quoting *In re Microstrategy, Inc. Sec. Litig.*, 172 F. Supp. 2d 778, 788 (E.D. Va. 2001)).

In this case, Plaintiffs' counsel has requested an award of $9,363,750.00, which constitutes thirty-three percent (33%) of the total settlement cash value.[2] Considering the seven-factor approach[3] derived from the Third Circuit and accepted by numerous district courts in this Circuit, however, the Court does not believe that such a large award is reasonable or warranted. Instead, the Court finds that an award amounting to 21% of the common fund reflects the significant benefit obtained for the class; the quality and skill of counsel; and similar fees award in the consumer arena. Moreover, applying a lodestar cross-check, the resulting multiplier of 2.29 is modest and reasonable under the circumstances.[4]

Accordingly, the Court FINDS that an award of $5,958,750.00 or 21% of the total settlement cash value is reasonable and merited by the exceptional work of Plaintiffs' counsel.

It is so ORDERED.

Let the Clerk send a copy of this Order to all counsel of record.

Date: <u>December 20, 2011</u>
Richmond, VA

/s/
John A. Gibney, Jr.
United States District Judge

---

[2] The Court has also considered what the fee would be if the attorneys billed by the hour. On an hourly basis, the gross fee would be $2,607,419.75. The requested fee, $9,363,750.00, would result in a lodestar multiplier of 3.55.

[3] The seven factors include: (1) the results obtained for the class; (2) objections by members of the class to the settlement terms and/or fees requested by counsel; (3) the quality, skill, and efficiency of the attorneys involved; (4) the complexity and duration of the litigation; (5) the risk of nonpayment; (6) public policy; and (7) awards in similar cases. *See In re Cendant Corp. Litig.*, 243 F.3d 722, 733 (3rd Cir. 2001); *Goldberger v. Integrated Res., Inc.*, 209 F.3d 43, 50 (2d Cir. 2000); *Ramey v. Cincinnati Enquirer, Inc.*, 508 F.2d 1188, 1196 (6th Cir. 1974).

[4] Courts have generally held that lodestar multipliers falling between 2 and 4.5 demonstrate a reasonable attorneys' fee. *See In re Mills Sec. Litig.*, 265 F.R.D. 246, 265 (E.D. Va. 2009); *Jones, et al.*, 601 F. Supp. 2d at 766; *In re Microstrategy, Inc.*, 172 F. Supp. 2d at 789.